EDWARD A. STEWART v. J. W. FLINT AND WIFE.

[In Chancery.]

*Pleading. Demurrer. Practice.*

1. A general demurrer will be overruled when the defects of the bill are of form rather than substance; thus, the orator, as guardian, brought his bill to set aside a warranty deed executed by his insane ward, and failed to properly allege the ward's title; but the court thought it fairly inferable from the whole bill that she had some title, and held the defect to be one of form, and overruled the general demurrer.
2. When a demurrer is overruled, it is discretionary with the court to remand the case for trial, or for final decree; but it will not remand for final decree without exceptional circumstances.

BILL IN CHANCERY. Heard on demurrer, February Term, 1883, Orleans County. REDFIELD, Chancellor, overruled the demurrer. The bill was brought by the orator, as guardian of one Emily Clark, to have her deed of certain lands set aside. It was alleged that said Emily was insane at the time of the conveyance.

Stewart *v.* Flint.

*Edwards, Dickerman & Young,* for the orator.

*Crane & Alfred,* for the defendants.

The opinion of the court was delivered by

ROWELL, J. The point of defendant's contention is, that the bill is defective in substance, for that it shows that the land described in said supposed deed is not the land alleged to have been left to the intestate at the death of her husband, and does not allege that at the time of the execution of said deed she had title to the land therein described, or to any other land. It is true, that the bill in this respect is very loosely and inartificially drawn, and if title must be alleged, lacks the requisite degree of legal certainty. But we think it is fairly inferable from the whole bill that the land described in the deed is the same land alleged to have been left to the intestate, and that she had some title thereto at the time in question, and that the defect consists in not setting out that title with sufficient certainty, and so is one of form rather than of substance. This being so, and the defect not being assigned as a cause of demurrer, it cannot be noticed, and the demurrer was properly overruled.

In the event of thus holding, we are asked to remand the cause for final decree against the defendant, on the strength of *Bailey* v. *Holden,* 50 Vt. 14. It was formerly the practice in all cases in which a demurrer to the bill was overruled to remand the case, if the defendant asked it, to be proceeded with in the Court of Chancery in due course. But for many years the practice has been to regard it as discretionary with the court whether to thus remand or to remand for final decree; but to induce the court to remand for final decree, and thus deprive the defendant of a trial on the merits, if he desires it, the case must be peculiar and exceptional in its circumstances, which this case is not.

Decree affirmed and cause remanded, with leave to defendants to answer.