## A. C. POWERS *v.* J. C. POWERS' ESTATE.

*Probate Court. Administrator. Commissioners. Suits to be Discontinued. Waiver.* R. L. ss. 2115, 2130, 2143, 2154.

1. When the Probate Court grants letters of administration, it should at the same time appoint commissioners to adjudicate upon the claims against the estate; and it is under the same duty to creditors as to the estate to appoint the commissioners.
2. And it is also the duty of the court to appoint the commissioners on the petition of a creditor whose suit had been heard by referees, and a report filed before the death of the intestate, but had been recommitted for further hearing.
3. Such creditor waived none of his rights, although he took part in the proceedings, after first objecting to the jurisdiction of the referees.
4. Section 2143, R. L., and following sections, by which an administrator may enter and prosecute or defend certain suits, are rendered wholly inoperative by sec. 2154, R. L., when commissioners are appointed.

APPEAL from the order of the Probate Court denying the petition of the plaintiff, praying for the appointment of commissioners upon the estate of J. C. Powers, deceased. Heard, September Term, 1883, VEAZEY, J., presiding. Appeal dismissed.

It appeared that the original action was general assumpsit, and was entered in court at the March Term, 1879; that the defendant, J. C. Powers, deceased September 8, 1881, and that his administrator appeared in the case at the Sep-

tember Term, 1881; that the cause by the consent of the parties was referred to referees; that the referees heard it, made, and filed their report June 12, 1880, disallowing the plaintiff's claim; that the cause was recommitted on the plaintiff's affidavit, at the September Term, 1880; that the second hearing before the referees was February 27, 1882; that they found for the plaintiff to recover $295.71; that the plaintiff objected to any further hearing before the referees on account of the death of the defendant. The plaintiff presented his petition to the Probate Court on the 27th day of February, 1882, praying 'for commissioners, and a citation was issued and served on the administrator the next day. The prayer of the petition was denied. In the County Court the plaintiff claimed that it was the duty of the Probate Court under the statutes to appoint the commissioners on his petition; the defendant claimed that such was not the duty of the court, the question being controverted, unless it appeared that he had a claim in fact to present and be tried by the commissioners; and denied that he had such claim, and insisted that the defendant had the right to show it.

*Barrett & Barrett* and *Ormsbee & Briggs*, for the plaintiff, cited R. L. ss. 2115, 2143, 2155; *Adams* v. *Adams, adm'r*, 22 Vt. 58; *Boyden* v. *Ward's adm'r*, 38 Vt. 633; *Bates* v. *Kimball*, 1 Aik. 95.

*W. H. Smith*, for the defendant, cited R. L. ss. 2143, 2155; Rev. St. 270, s. 17; Com. St. 343, s. 22; Gen. St. 392, s. 21; Judiciary Act of 1797; *Hyde* v. *Leavitt*, 2 Tyler, 170; *Ashley* v. *Harrington*, 1 Chip. 348; *Tyler* v. *Whitney*, 8 Vt. 27.

The opinion of the court was delivered by

POWERS, J. At the hearing before the referees February 27, 1883, the plaintiff objected to further proceedings before the referees on account of the death of the defendant; but his objection was ignored, and the hearing proceeded. It is

not to be said that the plaintiff waived any rights to apply to the Probate Court for the appointment of commissioners by the continued proceedings before the referees, as the latter proceedings went on in spite of his protests. He did not voluntarily submit to the further jurisdiction of the County Court; but on the same day presented his petition to the Probate Court, praying for the appointment of commissioners.

This petition was ultimately denied by the Probate Court; and the question presented for determination is, whether the plaintiff as matter of law had the right to call for the appointment of commissioners.

In the Probate Act of 1797, which was in force many years, it was provided that executors and administrators might, under an order of the Probate Court, by public notice, require creditors of the estate they represented, to exhibit to them their claims within a limited time, failing which such claims should be forever barred. It was further provided, that if the administrator supposed the estate to be insolvent, he should represent its conditions and circumstances to the Probate Court, and thereupon the court should appoint commissioners to adjust the claims of creditors. The act further provided, that attachments of property should be dissolved in pending suits only when commissioners were so appointed, and that no action should be maintained against the administrator without his consent. Under this act it manifestly rested with the administrator whether to apply for commissioners or not. From an inspection of the claims exhibited to him, he could well judge whether the assets were ample for their liquidation, or whether he was called upon to represent the estate as insolvent, and so compel creditors to accept a *pro rata* dividend upon the allowance of commissioners.

But now and for many years past all estates are settled as insolvent estates, without any formal representation of insolvency by the administrator; and no reason exists for

giving the option of calling for commissioners to the administrator alone. The language of our present statute is peremptory: "Where letters testamentary or of administration are granted, the court shall appoint two or more persons to be commissioners, etc." R. L. s. 2115.

In all cases, save two exceptional ones, not material here to be noticed, the statute has provided a special tribunal which can adjudicate upon the claims of creditors at less expense and with greater expedition than the ordinary common law tribunals.

By s. 2130, R. L., all pending suits at the time commissioners are appointed *shall be discontinued.*

After such appointment no action can be continued against the estate, except for the recovery of real estate. 16 Vt. 82.

Our probate code has grown up into a system by itself, the leading idea of which is, to confer upon the Probate Court exclusive jurisdiction in the settlement of estates. A board of commissioners to adjust the claims of creditors and offsets thereto is one of the instrumentalities provided. to accomplish this idea. Creditors have the same interest in the appointment of this board that the estate has; and the Probate Court owes the same duty to one as to the other.

In view of the general policy of the probate law, as well as the peremptory language of the section quoted above, we hold that creditors have the right to call for commissioners, if the court neglects its duty to appoint.

The petitioner confessedly had a debt of near $300, and claimed a much larger one. The validity of his debt was not for the court to determine, as this would practically usurp the jurisdiction of the commissioners.

Section 2143 and following sections of Revised Laws were first found in the Judiciary Act of 1797, and seem originally to have been enacted rather to define the power of the court than to affect the settlement of estates. The language of these sections may seem to work an inconsist-

ency in the probate system; but their force is wholly restrained by s. 2154, which makes them inoperative when commissioners are appointed.

The judgment of the County Court is reversed, and judgment rendered that the prayer of the petition be granted, and ordered that this judgment be certified to the Probate Court.