## GEORGE P. BLAIR, ADMR., *v.* THE HEIRS, &c., OF JOHNSON.

*Equity. Construction of will. Jurisdiction. Costs.*

1. An orator must stand upon the allegations in his bill, and an allegation in an answer, not responsive to the bill, is not an element in the case.

2. The jurisdiction of the Court of Chancery in the settlement of the estates of deceased persons is not original, but special and limited, and only in aid of the Probate Court when the powers of that court are inadequate.

3. Where by the terms of the will the wife confessedly has the right to use the entire estate if necessary for her support, the court will not entertain a bill to determine whether she takes an estate for life or in fee, so long as she is in fact using the property merely for her support.

4. Costs were allowed the defendant who appealed.

Bill for the construction of a will. Heard upon bill and answer at the December term, 1891. Start, chancelor, decreed that the interest of the widow under the will was a life estate. Judith Johnson, the widow, appeals.

The will and codicil were as follows:

" 1st. I hereby revoke and make void any will or wills heretofore made by me.

2d. After the payment of my just debts and funeral charges, I give and bequeath to my son, Samuel M. Johnson, the sum of two hundred dollars, and to each of my other children the sum of five hundred dollars.

3d. The balance of all my property, both real and personal, I devise and bequeath to my wife Judith, whom I hereby constitute and appoint the executrix of this my last will and testament, and I hereby authorize and empower her to sell and convey for such prices and at such times as may seem suitable to her in fee-simple, or for any less estate all or any part of the property thus

bequeathed to her, and to apply the proceeds thereof to her own sole and separate use and maintenance precisely as though it were her own property, and at her decease I direct that the remainder, if any, shall be distributed among my children now living or their heirs in equal parts."

CODICIL.

" I, Leonard Johnson, of Peacham, Caledonia county, State of Vermont, do make this my codicil hereby confirming my last will, made on the sixteenth day of October, in the year of our Lord one thousand eight hundred and sixty-six, so far as this codicil is consistent therewith, and do hereby change and revoke the second article of this will to read as follows:

After the payment of my just debts and funeral charges, I give and bequeath all of my property to my wife Judith ; and that the said Samuel M. Johnson and the daughters therein mentioned are not to receive the sums mentioned nor any part thereof, only as described in the close of the third article of this will."

The orator alleged that he was the administrator of Leonard Johnson, the testator, with the will annexed ; that the estate would amount after the payment of all charges to from $1,500 to $3,000 ; that doubt had arisen whether under the will and codicil the widow took a life estate or in fee, and prayed that the court would construe the will in that respect.

*Ide* & *Quimby,* for the orator.

The intention of the testator as gathered from the whole will and codicil was, to give the widow a life estate. *Smith* v. *Bell,* 6 Peters, 68 ; *Upwell* v. *Halsey,* 1 P. W. 651 ; *Henderson* v. *Blackbern,* 104 Ill. 227 ; *McCloskey* v. *Gleason,* 56 Vt. 264 ; *Stowell* v. *Hastings,* 59 Vt. 494 ; *Thrall et al,* v. *Spear et al.,* 63 Vt. 266 ; *Richardson* v. *Page,* 54 Vt. 373 ; Jarman Wills, chap. 15.

Costs should be paid out of the estate. *Exrs. of Judevine* v. *Judevine et al.,* 61 Vt. 597.

*Bates* & *May,* for Judith Johnson.

The opinion of the court was delivered by

ROWELL, J. The utmost of the case made by the bill is, that the orator, who is administrator with the will annexed, is in doubt whether the testator's widow takes an estate for life or in fee under the will, and he asks the court to advise him. It is not alleged that an occasion has arisen or is likely to arise that makes, or will make, it necessary for him to know how that is, assuming it to be doubtful. The widow is entitled to a life support at least. This cannot be questioned. She is, for aught that appears in the bill, to which alone we must look for the care made, content with this and claims no more. As long as this is so, that being the least right she takes, no other beneficiary is harmed. She may always be content with that, and the estate, which is small, may be wholly expended in her support, and then no one need ever know whether she took in fee or not. It is true, she says in her answer that she is entitled in fee; but this allegation is not an element in the case, as it is not in the bill.

The case, therefore, does not come within the jurisdiction of the Court of Chancery in the construction of wills as generally exercised in this country. The law of that subject is so fully discussed in *Morse* v. *Lyman, ante,* 167, that we refrain from discussing it here.

But there is another point, not much touched upon in that case, that is involved in this class of cases. In respect of the settlement of the estates of deceased persons, the jurisdiction of the Court of Chancery in this State is not original, nor concurrent with that of the Probate Court, but is special and limited, and only in aid of that of the Probate Court when its powers are inadequate. Further than that, the Court of Chancery has nothing to do with the settlement of such estates. It follows, therefore, that if at the time a question as to the construction of a will needs to be decided the Probate Court can be resorted to, and its jurisdiction is adequate for the purpose, that court must be resorted to and chancery cannot be. It may be that this point has not always

been kept in mind by our courts, but it is an inevitable deduction from our decisions.

Mrs. Johnson is the only defendant that appealed, and the decree is reversed. She is allowed costs. The other defendants seem to be at one with the orator, and they are denied costs.

*Decree reversed and cause remanded, with directions that the bill be dismissed.*