## TOWN OF WESTMINSTER

v.

## HENRY A. WILLARD ET AL.

---

WINDHAM COUNTY, 1893.

---

Before : ROSS, CH. J., TAFT, ROWELL AND START, JJ.

*Demurrer for want of equity. Effect of overruling. Suit*
*not enjoined because good defence at law. Excess*
*of authority by town building committee.*

1.  The court, in overruling a demurrer to a bill for want of
    equity, may reserve to the defendant the right to raise the
    same question on final hearing.

2.  When such a demurrer is incorporated in the answer, and the
    court, after overruling it, sends the case to a master for
    trial upon the merits, without any special order as to the
    demurrer, it will be presumed, in the present state of equity
    practice here, that the court intended to reserve to the de-
    fendant the right to raise the same jurisdictional question
    upon final hearing.

3.  The plaintiff town voted to build and furnish a town house at a total expense of not to exceed $3,500. Knowing this, the defendant W. contracted with the committee appointed to superintend the work, to build the house, without furnishing it, for that sum, and under this contract constructed it. Meantime the committee furnished the house, and tendered to W. the difference between $3,500 and the cost of the furniture, which he declined to receive and brought suit. *Held*, that a bill to enjoin the prosecution of this suit would not lie, for the town had a complete defence at law, and the case was not affected by the fact that the committee, before contracting with W., took an obligation from certain persons, who were made defendants in the equity suit, to see them harmless from liability to the town if they made the above contract with W.

4.  Costs below denied the defendants, because they were mainly responsible for the litigation.

Bill to enjoin the prosecution of a suit at law. Heard upon the pleadings, and a master's report at the September term, 1892. MUNSON, chancellor, decreed that the defendant Willard be perpetually enjoined from prosecuting his suit against the orator, and that the orator recover its costs. The defendants appeal.

Nov. 19, 1888, the town of Westminster, the orator in this suit, voted to appropriate $3,500 to build and furnish a town house upon a designated site. A committee had been previously elected to procure plans and superintend the erection of the building. A number of the inhabitants of that part of the town where the building was to be erected, soon after the passage of this vote, for the purpose of inducing the building committee to expend the entire $3,500 in the construction of the building without furnishing, signed the following paper:

"We, whose names are hereunto affixed, do hereby agree to guarantee the furnishing of a town hall to (be) built in the town of Westminster, agreeable to a vote of said town passed on the 19th day of November, 1888, appropriating thirty-five hundred dollars to build and furnish such hall, and save the building committee harmless in case they shall

contract for the building of said hall for said sum without furnishing the same.

" Dated Nov. 23, 1888."

The defendant Willard was one of the signers of this paper. Upon the strength of it the committee contracted with him to construct a town house according to certain plans for the agreed price of $3,500, and he constructed it to their satisfaction.

While the building was in process of construction the committee, without consulting the signers of the aforesaid paper, contracted for the necessary furniture at an expense of $347.45. Willard was paid from time to time before the completion of the building the sum of $3,000, and after its completion and acceptance the committee tendered him an order for $152.45, being the difference between what of the $3,500 had not been paid him and the cost of the furniture. This he declined to receive and brought the suit which it is sought to enjoin.

In that suit he claimed to recover, in addition to the balance of the contract price, for certain extra work not called for by the plans, viz : Two windows, $20, and one register, $5 ; also $25 for drawing the plans.

The master found that the extra work was performed under the direction of the committee, but that Willard agreed to waive his charge for the plans if the contract was awarded to him.

*L. M. Read* and *Waterman, Martin & Hitt* for the orator.

Entire justice between the town, the committee and the guarantors can only be done in a suit in equity. *Morse* v. *Morse*, 44 Vt. 84 ; *Glastenbury* v. *McDonald*, 44 Vt. 450 ; *Adams* v. *Smilie*, 50 Vt. 1 ; *McLane* v. *Johnson*, 59 Vt. 237.

By going to a trial upon the merits, the defendants have

waived their demurrer.   *Murphy* v. *Lincoln*, 63 Vt. 278;
*Waterman* v. *Buck*, 63 Vt. 544;   *Holt* v. *Daniels*, 61 Vt.
89;  *Porter* v. *Vaughan*, 22 Vt. 269;  *Peck et al.* v. *Crane*,
25 Vt. 146;  *Eureka Marble Co.* v. *Windsor Manufactur-*
*ing Co.*, 47 Vt. 430.

*Haskins & Stoddard* for the defendants.

The opinion of the court was delivered by

ROWELL, J.   The defendants demurred in their answer
for want of equity and for that the orator had an adequate
remedy at law.   The demurrer was seasonably brought on
for hearing, when it was overruled, the bill adjudged suffi-
cient, and an injunction ordered to issue, restraining the fur-
ther prosecution of the defendant Willard's suit at law.
Thereupon a special master was appointed, and the case pro-
ceeded to hearing before him on the merits, and on the coming
in of his report a decree was entered for the orator, making
perpetual the preliminary injunction.   The defendants now
seek to avail themselves in this court of the question of juris-
diction raised by the demurrer.   To this the orator objects
that by going to trial on the merits after their demurrer was
overruled, they waived their demurrer, and cannot now raise
the question of jurisdiction.

It used to be the practice when the demurrer was contained
in the answer, not to bring it on till the case was heard on the
merits, but to hear it then, and on appeal the whole case went
up, demurrer and all.   But latterly a new practice has been
adopted, and now the demurrer must be brought on before
the case is heard on the merits, otherwise it is waived, and
the party loses the benefit of it altogether.   This, although
quite an innovation, is deemed the better practice, for ob-
vious reasons.

The practice used to be, also, when a demurrer to the
whole bill was overruled, to order the defendant to answer,

unless he obtained leave to put in a less extended demurrer or to plead.  1 Danl. Ch. Pr. 675* ; 1 Smith's Ch. Pr. [*213] ; and the court might, and often did, for good reason, reserve the right to raise the same question at the hearing.  *Jones* v. *Skipworth*, 9 Beav. 237 ; *Norman* v. *Stiby*, 9 Beav. 560. But under the new rules in chancery, when a demurrer is overruled the bill should, regularly, be taken as confessed, and the matter thereof be proceded in and decreed accordingly if it can be done without an answer and is proper to be decreed ; but if a discovery is required to enable the complainant to obtain a proper decree, the defendant will be ordered to answer as far as necessary for that purpose.  Rule 17.   Under this rule, considered with reference to the former practice, we think it a fair implication that when the court of chancery, on overruling a demurrer to the whole bill, does not take the bill as confessed, but proceeds to appoint a master to try the case on its merits, as was done in this case, it intends to reserve the benefit of the demurrer till the hearing ; otherwise, it is presumable that the court would have taken the bill as confessed, as the rule requires.   This, we think, is in accord with the general notion of the profession, and in line with the practice that so long obtained of not treating the demurrer as waived by going to trial on the merits.   In changing from one practice to another not fully defined and well understood, the analogies of the old practice should be observed as far as necessary to prevent surprise and to preserve to parties the benefit of the substantial legal questions involved in the case.

There are several ways open to the defendant when his demurrer is overruled.   He may let the bill be taken as confessed under the rule, and take the case up on demurrer ; or he may ask leave to withdraw his demurrer, or to waive it, and to go to trial on the merits ; or he may ask to have the benefit of the demurrer reserved to him till the hearing.   If it is reserved, the better practice would be, of course, to

make a special order to that effect, and not to leave the matter to implication.    The defendants can, therefore, now raise the question of jurisdiction, and this brings us to consider whether the orator can at law avail itself of its defence to the defendant Willard's suit.

The primary ground and claim of the bill is, that the building committee had no authority to bind the town to pay $3,500 for building the town house alone, but only to pay that sum less what was reasonably necessary to be expended in furnishing it, and that the town has already paid to Willard all that the committee could bind it to pay him ; and it repudiates the action of the committee as far as it was unauthorized, and seeks no benefit from the agreement of November 23, 1888, between the committee and the other defendants, relative to furnishing the house and indemnifying the committee, only in case its primary claim should not be sustained by the court. Touching this claim, it is clear that the action of the town at the meeting of November 19, 1888, limited to $3,500 the amount to be expended for both building the house and furnishing it.    And the defendants so understood it, for they say as much in their said agreement.    Willard so understood it, and yet he proceeded to contract with the committee to receive $3,500 for building the house alone, thus absorbing for one purpose all that was appropriated for both purposes.    This the committee had no authority to do, as Willard well knew. He stands, therefore, in no better position in respect to the town than the committee had authority to put him, and that was, to have and receive from the town the sum of $3,500, less what was necessary for furnishing, and that was paid to him before he brought his suit, namely, $3,152.45, the cost of furnishing being $347.55, making in all the sum of $3,500, just what was appropriated for both purposes.    Nor is Willard entitled to anything from the town for the two windows and cutting register for the furnace, not called for by the plans and specifications, but put in and done under the direc-

tion of the committee, for he has already received from the town all that the committee could bind it to pay him. The twenty-five dollar item for drawing plans, specifications, etc., was discharged by Willard, the master finds, when the building contract was executed, and in consideration of its execution on the part of the committee. Hence there was nothing due from the town to Willard in respect of any of these matters when he brought his suit, to which the orator has a complete defence at law.

This view of the case renders it unnecessary, as far as the town is concerned, to consider whether the agreement of November 23 would inure to the benefit of the town if necessary to protect its rights. If the town was liable to Willard to the amount of $3,500, then, in order to keep its outlay within the prescribed limit, it would need, if it could, to recover on that agreement the amount it expended in furnishing the house; but as it is not thus liable to Willard, it has no need of such a recovery, and if it should have it, it would inure only to Willard's benefit, as it could then pay him in full and still not be out of pocket beyond the amount appropriated. But the orator stands in no such relation to Willard that it can recover on that contract for his benefit; and, indeed, Willard asks for no such recovery, and it does not appear that he claims that that contract can in any way be made to inure to his benefit. Hence no decree in favor of the orator for recovery on that contract could in any event be made against any of the defendants; and as no positive relief can be granted to one defendant against another, except such as is incidental to the relief granted to the complainant, we need not inquire whether these defendants have any equities among themselves or not.

*Decree reversed, cause remanded, with directions to dismiss the bill, but without costs below to the defendants, for they are largely to blame for this litigation.* Barrett v. Sargeant, 18 Vt. 365.