WILLIAM A. HARRIS ET AL. *v.* CHARLES P. HARRIS ET ALS.

May Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, HASELTON, POWERS, and MILES, JJ.

Opinion filed May 18, 1906.

*Wills—Actions for Construction—Jurisdiction—Court of Chancery—No. 40 Acts 1896.*

Before the enactment of No. 40, Acts 1896, it was uniformly held that probate courts had exclusive original jurisdiction in the settlement of decedents' estates, and that the jurisdiction of the court of chancery in respect of such estates was special and limited, and could be invoked only in aid of the probate court when its powers were inadequate.

Under No. 40, Acts 1896, which provides that "in all cases where the terms of a will are doubtful or in dispute," any interested legatee, devisee, or heir may bring a bill in chancery to have the will construed, some discretion is still left with the court of chancery as to whether it will take jurisdiction.

Before the court of chancery takes jurisdiction, under No. 40, Acts 1896, of a case pending in probate court and thus departs from a long established practice, it must decide whether any terms of the will are in such doubt as to require the intervention of the court of chancery for the purpose of giving them proper construction, and also whether the terms of the will are in dispute within the meaning of the Act.

Where a will bequeathing property in trust was duly probated, and the trust having terminated the property is ready for distribution, the court of chancery will not take jurisdiction of a bill brought by legatees, under No. 40, Acts 1896, to construe the will in advance of a decree of distribution by the probate court. Such case is not within the intent of said Act.

APPEAL IN CHANCERY. Heard on demurrer to the bill at the September Term, 1905, Rutland County, *Watson*, Chancellor. Decree, *pro forma*, sustaining the demurrer and dis-

missing the bill. The defendants appealed. The opinion sufficiently states the case.

*Butler & Moloney* for the orators.

Under the act of 1896 the court of chancery is compelled to take jurisdiction. There is no discretion. *Dieter* v. *Shafter*, 70 Vt. 150.

*M. C. Webber,* and *E. L. Waterman* for the defendants.

TYLER, J. Joel B. Harris died April 17, 1891, leaving a will which was duly probated and allowed. His entire estate, after the payment of debts and funeral expenses, amounted to about $270,000 and was left to trustees. In accordance with the requirements of the will, the executors, after the debts were paid, passed the estate over to the trustees, who were to hold and manage it until the widow of the testator reached the age of seventy years, which time has now elapsed. The legatees brought a bill in the court of chancery praying for a construction of the will, to which the defendants demurred. The case comes here upon the *pro forma* decree of that court dismissing the bill.

By V. S. 2325 the exclusive original jurisdiction of the estates of deceased persons is conferred upon probate courts, and it has been uniformly held that the court of chancery has not original nor concurrent jurisdiction; that its jurisdiction is special and limited and can only be invoked in aid of the probate court when its powers are inadequate. *Goff* v. *Robinson,* 60 Vt. p. 641, 15 Atl. 339. In *Hotchkiss* v. *Ladd's Estate,* 62 Vt. 209, 19 Atl. 638, the Court remarked that the probate court, under our statute, has plenary jurisdiction over the probate of wills, and that it may do any and all things essen-

tial to make its action effective. In *Blair, Admr.* v. *Heirs of Johnson,* 64 Vt. 598, 24 Atl. 764, after a clear statement of the rule, the Court added: "Further than that, the court of chancery has nothing to do with the settlement of such estates. It follows, therefore, that if, at the time a question as to the construction of a will needs to be decided, the probate court can be resorted to and its jurisdiction is adequate for the purpose, that court must be resorted to and chancery cannot be." In *Ward and Wife* v. *Church,* 66 Vt. 490, 29 Atl. 770, a bill in chancery was brought praying for the construction of a will, but it was dismissed, the Court holding that in distributing the estate, on the settlement thereof, it was the province of the probate court to determine and adjudge the kind of estate which the oratrix took in the property of her father, under the will and the laws of the State, and that if that court entertained and passed upon that question the court of chancery had no jurisdiction to review its decree. In *Davis* v. *Eastman,* 66 Vt. 651, 30 Atl. 1, after restating the rule the Court said: "It is emphatically required by the whole tenor of our decisions that the court of equity withhold its hand unless a necessity for its interference clearly appears."

The foregoing cases carry out the idea expressed in *Powers* v. *Powers' Estate,* 57 Vt. 49, as follows: "Our probate code has grown up into a system by itself, the leading idea of which is to confer upon the probate court exclusive jurisdiction in the settlement of estates." This doctrine is also fully expounded in *Bowers* v. *Smith,* 10 Paige 193, 4 Law. ed. 940, *Emmons* v. *Cairns,* 2 Sand. Ch. 369, 7 Law. ed. 629, and in Pom. Eq. Jur. §§ 1156, 1157, authorities cited in the opinion in *Morse, Exr.* v. *Lyman,* 64 Vt. 167, 24 Atl. 763. In the recent case of *Beard* v. *Beard,* decided by the Court of Chancery of New Jersey, the Vice Chancellor said that a bill by

an executrix of a will asking for no instructions concerning her duties, and showing no case requiring the consideration of any trust, but merely seekng the court's opinion as to the legal title of certain real estate devised by the testator, shows no jurisdiction in the court, and will be dismissed.

It cannot be maintained that the court of chancery may take jurisdiction in the present case upon ·the ground that that court has jurisdiction over trusts, and that this estate is held in trust, for this trust has been administered and nothing remains to be done other than making a decree of distribution pursuant to the will.

The construction of wills is often necessarily incident to the settlement of estates by probate courts, but if the Act in question is given the broad construction contended for by the orators, the powers that those courts have hitherto exercised in these matters may at any time be assumed by the court of chancery upon the bringing of a bill by one of the persons named in the Act of 1896, and before any question in respect to distribution has arisen in the probate court, merely alleging that the terms of a will already proved are doubtful or in dispute.    In this case the occasion for the legatees coming into the court of chancery is alleged to be to enable the trustees to make proper distribution of the estate according to the true intent and meaning of the will.

The Act of 1896 reads: "In all cases where the terms of a will are doubtful, or in dispute, any person interested in the estate, either as legatee, devisee, or heir at law, may bring a bill in chancery to have the will construed, and the court of chancery, or the Supreme Court on appeal, shall proceed to construe the will, which decision shall be binding on parties who are served with process and all who appear in the case

by counsel, notwithstanding it appears that others may at some future time become interested under the will."

The questions suggested in the orators' brief that are likely to arise before the distribution is made are in substance as follows: What constitutes the advancement account referred to in section 10 of the will, and what entries, if any, in the ledger should be construed as part thereof, and what credits thereon should be allowed Charles P. and Wm. A. Harris; whether the pencil memoranda upon the ledger should be read into the will; whether the daughters of the testator should be entitled as legatees to receive, before the residue of the estate is divided, an amount of property sufficient to make their share equal to the amount of advancements made to the sons, and how much interest, if any, should be computed thereon, or whether the several sums of $15,000 bequeathed to each of the daughters and the sums advanced to the sons should be treated as specific legacies and that after the payment thereof the residue should be equally divided among the legatees; whether unmarried daughters of the testator should share equally with his married daughters under a decree of distribution, whether a certain granddaughter should be chargeable with advancements that were made to her mother. It is also claimed that questions will arise in relation to interest upon deferred payments.

It is true that it is alleged in the bill that great injustice may be done if the trustees are compelled to distribute the fund without an interpretation of the will by the court of chancery, but it must be presumed that the probate court will make a proper decree. If it makes an erroneous decree, the orators will have their remedy as hereafter indicated. On the other hand, if the prayer of the bill is granted and the court of chancery is permitted to take jurisdiction, it is obvious that

the case will have to go to a master to determine all questions of fact, and upon his report the court of chancery will make a decree determinative of the question of distribution.

In cases where the aid of the court of chancery has heretofore been granted the decrees of that court have been in aid of probate courts, like deciding which of two or more persons is entitled to a bequest, or what estate passes under a certain devise, without divesting the probate court of its jurisdiction; but in this case the prayer is in effect to transfer jurisdiction from one court to another which is in direct contravention of the rule given by Judge Redfield in *Adams* v. *Adams*, 22 Vt. p. 58, and restated in substance in several later decisions.

But the orators contend that these authorities are not controlling since the passage of the Act of 1896; that while it was discretionary with the court of chancery to give aid to probate courts in certain cases, it is now its duty to take ancillary jurisdiction in cases that come within the Act. It must however be conceded that some discretion must still be left with that court. The demurrer in this case raises the preliminary question to be decided by the court of chancery and reviewed here, whether any terms of the will are in such doubt as to require the intervention of that court for the purpose of giving them proper construction. It must also determine whether the terms of the will are in dispute in such a manner as the Act contemplates before it takes jurisdiction of a case pending in the probate court and thus departs from a long established system of procedure. We think the Legislature could not have intended by this Act to make so radical a change in our probate code as the orators contend for. It is doubtless true that the Act makes it the duty of the court of chancery to construe wills in certain cases where there is

occasion for its intervention, but that court must decide whether or not an occasion has arisen. It is alleged that the trustees have prepared and are ready to file their account in the probate court; that about $257,000 will be for distribution and that certain provisions of the will are doubtful and in dispute.. At the time this bill in chancery was filed the estate was nearing a final settlement and a decree of distribution in the probate court, a court authorized by law to make such decrees and competent to make them. From any supposed error of that court, in the reduction of the legacies by advancements made by the testator by reference to extrinsic documents, or upon other grounds any person interested in the decree, who feels himself aggrieved thereby will have a right of appeal to the county court, from whose decree exceptions will lie to this Court, therefore there is no present occasion for the intervention of the court of chancery. As was said by the Court in *Osgood* v. *Cen. Vt. Ry. Co.*, 77 Vt. 334, 60 Atl. 137, the case does not fall within the spirit and intent of the Act.

*The pro forma decree is affirmed and cause remanded.*