Martha M. Hall v. Augusta Lawton et al.

January Term, 1908.

Present: Rowell, C. J., Tyler, Munson, and Watson, JJ.

Opinion filed February 3, 1908.

*Wills—Construction—Jurisdiction of Chancery—No. 40, Acts 1896.*

The court of chancery will not take jurisdiction, under No. 40, Acts 1896, of a bill for the construction of a will, brought by a devisee pending her appeal from the probate court's final decree of distribution involving that question.

Appeal in Chancery, Windsor County. Heard at Chambers, September 3, 1906, on the pleadings and master's report, *Miles,* Chancellor. Decree dismissing the bill with costs to the defendants. The oratrix appealed. The opinion states the case.

*Davis & Davis,* and *George L. Fletcher* for the oratrix.

*Stickney, Sargent & Skeels* for the defendants.

Rowell, C. J. This is a bill in chancery for a construction of the will of the oratrix's husband, by which certain real estate is devised to her, "her heirs, viz., her children and grandchildren and assigns." The will was duly proved, and the oratrix and another appointed executors. They accepted the trust, settled the estate, rendered their account, and a final decree of distribution was made, whereby the real estate devised to the oratrix was given to her "during her natural life, and at her decease," to the defendants "and their heirs and assigns forever." Two of the defendants are the only children the testator left; and the other, the only grandchild. The decree was made as the parties hereto agreed it should be, and no question concerning it was submitted to the probate court for its decision as a controverted matter. But the oratrix did not fully understand and comprehend the language of the decree, nor its legal

force and effect, nor the precise title and estate that it gave her. Having taken counsel after the decree was made, she came to think that the fee ought to have been given to her, and so she appealed to the county court, where the case is still pending, its further prosecution having been enjoined in this suit.

The oratrix claims that under No. 40, Acts of 1896, it was the duty of the court of chancery, and is the duty of this Court, to construe the will. But as that statute was construed and applied in *Harris* v. *Harris,* 79 Vt. 22, 64 Atl. 75, this claim cannot be sustained, in the circumstances. There, at the time the bill was brought, the estate was nearing final settlement and distribution in the probate court; and because any one interested in the decree of distribution could appeal therefrom to the county court, from which the case could be brought to this Court on exceptions, it was held that there was no occasion for the intervention of chancery, and the bill was dismissed. See, also, *Clark* v. *Peck's Executors,* 79 Vt. 275, 65 Atl. 14.

On the authority of these cases, and especially of *Harris* v. *Harris,*

*The decree dismissing the bill with costs is affirmed, and cause remanded.*