ARTHUR G. MANSUR, EXR. *v.* CLIFFORD TATE, ADMR. & GUARD.

November Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinon filed February 14, 1923.

*Wills—Facts Essential to Jurisdiction of Court of Chancery to Construe.*

To sustain a proceeding in the court of chancery under G. L. 3228, a real doubt or dispute must have arisen and be specified in the allegations of the bill, which must also show that the situation of the estate and its administration is such that the probate court

cannot seasonably and adequately handle the question and that resort to the court of chancery is reasonably necessary.

APPEAL in chancery.  Heard on demurrer to the bill at the September Term, 1922, Orleans County, *Willcox*, Chancellor. Demurrer sustained and bill adjudged insufficient.  The defendant appealed.  The opinion states the case.  *Affirmed and remanded.*

*Hamilton S. Peck, J. W. Redmond,* and *Aaron H. Grout* for the plaintiff.

*Stickney, Sargent & Skeels* for the defendant.

MILES, J.  This is a bill in chancery seeking a construction of the will of Zopher M. Mansur, late of Newport.  From a decree sustaining the demurrer of the defendant and dismissing the bill, the plaintiff appeals.

The following facts fairly appear from the allegations: The plaintiff is the duly qualified executor of the will and residuary legatee under it.  A doubt has arisen as to the true meaning and construction of that paragraph of the will making a bequest to Sallie L. Storrs, afterwards Sallie Storrs Tate, in the following terms: "I give to my granddaughter, Sallie L. Storrs, the sum of thirty thousand dollars, to be placed in the hands of a trustee, the income thereof to be paid to the said Sallie L. Storrs, semi-annually; one-half of the principal to be paid to the said Sallie L. Storrs when she shall become thirty years of age, and the remaining half when she shall become thirty-five years of age."  Sallie L. Storrs Tate deceased on November 23, 1921, leaving a husband, Clifford Tate, the defendant, and a minor daughter, Sallie Ann Tate, surviving her. The defendant is the administrator of Sallie Storrs Tate and the guardian of Sallie Ann Tate.  The question submitted is whether Sallie Storrs Tate took a vested right or a contingent interest under the bequest above set forth.

Prior to the passage of No. 40, Acts of 1896, now G. L. 3228, it was the established law of this State that in respect of the settlement of the estates of deceased persons, the jurisdiction of the court of chancery was not original, nor concurrent with

that of the probate court, but was special and limited, and only in aid of that of the probate court when its powers were inadequate. Further than that, the court of chancery had nothing to do with the settlement of estates. And when a question arose as to the construction of a will, if the probate court could be resorted to, and its jurisdiction was adequate for the purpose, the court of chancery could not be resorted to. *Blair* v. *Johnson,* 64 Vt. 598, 24 Atl. 764; *Ward* v. *Church,* 66 Vt. 490, 29 Atl. 770. The case last cited was heard at the October Term, 1894, but just when the decision was announced does not appear. It may be taken, however, that the session of 1896 afforded the first opportunity for application to the Legislature for a change in the law reaffirmed in that case. While it is to be presumed that some change in the law was intended by the enactment of No. 40, Acts of 1896, it has been established by our decisions that its purpose was to make more definite the circumstances under which application might be made to the court of chancery to come to the assistance of the probate court. The Legislature did not intend that all questions could be carried to the court of chancery, and restricted those authorized to make the application to legatees, devisees, and heirs at law. This executor, as such, could not apply under the statute; as residuary legatee, he could. To sustain a proceeding under the statute, a real doubt or a real dispute must have arisen. And these must be so specified in the allegations that the court can see therefrom that such a doubt or dispute as the statute contemplates has arisen. So, too, it must be shown by the allegations that the situation of the estate and its administration is such that the probate court cannot seasonably and adequately handle the question and that resort to the court of chancery is reasonably necessary. *Harris* v. *Harris,* 79 Vt. 22, 64 Atl. 75; *Clark* v. *Peck's Exrs.,* 79 Vt. 275, 65 Atl. 14; *Hall* v. *Lawton,* 80 Vt. 535, 68 Atl. 657.

In the respect last named, at least, the allegations of this bill are inadequate. For aught that appears, the estate is fully administered or practically so; no occasion is shown for holding it open; and no good reason is given why that court should not be appealed to for the construction here asked for.

*Decree affirmed and cause remanded.*