MAUDE O'ROURKE *v.* WALTER H. CLEARY ET AL.

January Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed February 4, 1932.

*Walter H. Cleary* and *David E. Porter* for the defendants.

*J. W. Redmond* and *Pierce & Miles* for the plaintiff.

GRAHAM, J. This is a bill in chancery, brought under G. L. 3228, enacted as No. 40, Acts of 1896, for a construction of paragraph eight of the will of Thomas Francis O'Rourke, late of Derby, deceased, which is as follows: "If I should die possessed of any real estate in Newark, N. J., I give, grant, devise and bequeath the same to my now intended wife, Maude Delaney of Newark, N. J., and I also give and bequeath to her all household goods, house furnishings and all contents of any house or apartment that may belong to me or may be occupied by us in Newark, N. J.; and I give and bequeath to the said Maude Delaney the sum of twenty-five thousand dollars ($25,000.00) all of the above to be to her and her heirs forever."

The bill alleges, in substance, that the testator died on January 29, 1931, at Derby Line, where he had resided for many years; that on November 21, 1928, he duly executed his last will and testament, which has been duly probated as such by the probate court for the District of Orleans, this State, wherein the settlement of the estate is still pending; that defendants Cleary and the National Bank are the duly appointed executors of

testator's will; that at the time of the execution of the will, the plaintiff was engaged to be married to the testator, and she is the Maude Delaney mentioned in the eighth paragraph of the will; that on November 27, 1928, the plaintiff and testator were married; that at the time of this marriage, the testator had a son by a former marriage, who is defendant Thomas Nelson O'Rourke, and who is the only surviving child of the testator; that testator never owned any property in New Jersey; that the assets of the estate, as shown by the inventory filed in probate court, are valued at $170,988.87, and, in addition, there are assets of the value of $36,402.62, the ownership of which by the estate may be questioned; that the claims allowed against the estate aggregate $6,830.37.

The bill further alleges that the force and legal effect of the bequest under the last clause of said paragraph eight, namely, "I give and bequeath to said Maude Delaney the sum of twenty-five thousand dollars ($25,000.00) all of the above to be to her and her heirs forever," is doubtful and in dispute, the question being whether the $25,000.00 given plaintiff by that bequest is *in addition* to her statutory rights as surviving widow, or whether it is *in lieu* of such statutory rights; that if the bequest is in lieu of such statutory rights an election is required by plaintiff, and that plaintiff cannot intelligently decide whether she shall elect to take the bequest or to waive the same and claim her statutory rights, unless and until she has an authoritative construction of the will in the respects above indicated.

The defendants demurred to the bill on the ground that the court of chancery had no jurisdiction. The same question was raised by motion to dismiss. The demurrer and motion were overruled, subject to defendants' exceptions. Solely on the facts alleged in the bill and admitted by the demurrer, decree was entered, subject to defendants' objections and exceptions, that plaintiff takes the bequest in addition to her statutory rights as surviving widow, and not in lieu thereof, and that she is not required to make an election. The defendants have appealed, and the case is before us on the appeal and exceptions.

The defendants challenge the jurisdiction of the court of chancery upon two grounds, (1) that the subject-matter of the bill is within the exclusive jurisdiction of the probate court, and (2) that an adequate remedy is provided by the regular course

of administration of the estate in probate court, and also by the Uniform Declaratory Judgments Act.

Before the enactment of No. 40, Acts of 1896, it was the uniform holding of our decisions that equity will not interfere in the settlement of estates, so long as there is an adequate remedy in the probate court. *Davis* v. *Eastman,* 66 Vt. 651, 30 Atl. 1. In *Powers* v. *Powers' Estate,* 57 Vt. 49, it is said: ''Our probate code has grown up into a system by itself, the leading idea of which is to confer upon the Probate Court exclusive jurisdiction in the settlement of estates.'' In *Blair* v. *Johnson's Heirs,* 64 Vt. 598, 24 Atl. 764, this Court said, that the jurisdiction of the court of chancery in the settlement of estates is not original, but special and limited, and only in aid of the probate court when the powers of that court are inadequate; that if the construction of a will is to be decided and the jurisdiction of the probate court is adequate for the purpose, that court must be resorted to and chancery cannot be.

G. L. 3228 (No. 40, Acts of 1896) reads as follows: ''In cases where the terms of a will are doubtful or in dispute, a person interested in the estate, either as legatee, devisee or heir at law, may bring a bill in chancery to have the will construed; and the court of chancery, or the supreme court on appeal, shall proceed to construe the will; and such decision shall be binding on parties who are served with process and all who appear in the cause by counsel, notwithstanding it appears that others may at some future time become interested under the will.'' This statute first came before this Court for construction in *Harris* v. *Harris,* 79 Vt. 22, 64 Atl. 75, 77. It was held in that case that the act still left with the court of chancery some discretion as to taking jurisdiction; that it must decide whether any terms of the will are in such doubt as to require the intervention of the court of chancery for the purpose of giving them proper construction, and also whether the terms of the will are in dispute within the meaning of the act. The opinion states: ''It is doubtless true that the act makes it the duty of the court of chancery to construe wills in certain cases where there is occasion for its intervention, but that court must decide whether or not an occasion has arisen.'' It must appear that some substantial end will be accomplished by the court of chancery in construing the will (*Clark* v. *Peck's Executors,* 79 Vt. 275, 284,

65 Atl. 14), and that the probate court cannot seasonably and adequately handle the question, and that resort to the court of chancery is reasonably necessary. *Mansur* v. *Tate,* 96 Vt. 373, 375, 119 Atl. 882. Thus it is apparent that the construction of this statute to determine the question of jurisdiction of the court of chancery does not involve the statement of any new principle, but rather the application of well-established rules to the particular facts alleged in the bill.

██ ██ Before proceeding to make this application, we will consider other statutory provisions which are relied upon by the defendants as precluding jurisdiction by chancery. It must be kept clearly in mind that proceedings under G. L. 3228 are restricted to the construction of the alleged doubtful or disputed terms of a will. They are not to be instituted, under the guise of such an objective, for the purpose of obtaining advice from the court of chancery as to the construction of statutes affecting the rights or interests of a surviving widow in the estate of her deceased husband; nor to determine whether the intention of the testator affects the question of election between the provisions of the will and the widow's statutory allowance of the personal estate, as well as her statutory interest in real estate. Such questions are to be determined in the first instance exclusively in the probate court. Under the provisions of G. L. 3405, subdv. II, the widow may be barred of a third in value of the real estate of which her husband died seized in his own right, "where the husband by his last will and testament made provision for her, which, *in the judgment of the probate court,* was intended to be in lieu of such third interest in such estate." While the language of this provision clearly confers upon the probate court jurisdiction to determine the question of testator's intention in the exercise of its general jurisdiction of the settlement of estates, it is equally clear that it was not intended as a specific grant of exclusive power. Besides, this provision of G. L. 3405 (so far as material to the point being discussed, was in force at the time of the enactment of G. L. 3228, and so, if there were conflict, the former would be modified by the latter. We hold that paragraph II of G. L. 3405 does not interfere with the exercise of jurisdiction by chancery under G. L. 3228 within the limited and special purpose of the latter act.

318

The defendants further contend that the plaintiff has a complete and adequate remedy under the Uniform Declaratory Judgment Act, No. 37, Acts of 1931, since the probate court is one of the three courts that has jurisdiction to render declaratory judgments, and specifically to determine questions arising in the administration of estates, including questions of construction of wills. The plaintiff, however, argues, among other things, that a proceeding to obtain a declaratory judgment will not be entertained where another statutory remedy has been specially provided for the character of the case in hand, and numerous cases are cited in support of her contention, including *Kariher's Petition*, 284 Pa. 455, 131 Atl. 265; and, *Lisbon v. Town of Lisbon* (N. H.), 155 Atl. 252.

 It is unnecessary to consider what application, if any No. 37, Acts of 1931 has to the case made by the bill, because that act did not repeal G. L. 3228, either expressly or by implication. The rule is that a statute will not be construed as repealing a former act on the same subject, in the absence of express words to that effect, unless there is such an inconsistency between them that they cannot stand together, or unless the later act is evidently intended to supersede the former in respect of the matter in hand, and to comprise in itself the sole and complete system of legislation on the subject. *In re Turner*, 92 Vt. 210, 215, 102 Atl. 943; *In re Railroad Commissioners, Rutland R. R. Co., Apt.*, 79 Vt. 266, 65 Atl. 82. A comparison of the two statutes under discussion plainly shows that they are not so far repugnant that they cannot stand together, and that the later act was not intended as a substitute for the former. Each is to function within its own ''appropriate sphere.''

 This brings us to the question whether there is any occasion for the intervention of the court of chancery. It was the manifest intention of the Legislature that this statute (G. L. 3228) should serve a useful and helpful purpose for those who are designated therein as eligible to apply under it for protection and aid. It is to be construed with reference to that object, and so as to carry out rather than defeat it. *In re National Guard*, 71 Vt. 493, 45 Atl. 1051. The plaintiff says that she is in a dilemma; that she cannot intelligently decide whether to take the bequest or waive the same and claim her statutory rights, unless and until she has a conclusive construction of

the will of the deceased, that is, until the intention of the testator respecting the bequest of $25,000.00 to her is judicially and finally determined to be either in addition to, or in lieu of, her statutory rights. With this contention, we agree. But is intervention by the court of chancery reasonably necessary? If not, it would constitute an unwarranted interference in the regular and orderly administration of the estate in probate court. In the regular course of administration, the probate court would not construe the will and determine the question here presented until final decree of distribution of the estate. At that time the plaintiff's right of election, if it is necessary for her to make election, will have passed, and so it will be too late to avail plaintiff. It does not remove the plaintiff's perplexity; it continues it to the point from which there is no escape. The mere statement of the plaintiff's position amply shows that the probate court could not "seasonably and adequately handle the question" in the regular course of administration of the estate. It is this feature which distinguishes the case here from *Harris* v. *Harris, supra,* and *Mansur* v. *Tate, supra.* The uncertain situation confronting the plaintiff presents a typical case for the intervention of the court of chancery in aid of the probate court. There was no error in overruling defendant's demurrer and motion to dismiss.

█ As we have already observed, after the demurrer and motion were overruled, the court, without ordering the defendants to answer, and without taking any extrinsic evidence as to the circumstances surrounding the testator at the time the will was made as an aid in determining the testator's intention, entered its decree construing the eighth paragraph of the will in accordance with the plaintiff's contention. The defendants insist that the facts alleged in the bill are insufficient to enable the court to construe the will without evidence of the associated circumstances. The plaintiff asserts that this was due to defendants' own fault, as they chose to stand on their demurrer. The question is one of procedure only. As we interpret the record, the merits of the decree are not involved. We agree that if final decree on the merits was intended the court should have reserved the benefit of the demurrer until final hearing, should have ordered the defendants to answer, and then proceeded to hearing on the issue made by the bill and answer. We

will assume, nothing appearing to the contrary, that the chancellor proceeded under chancery rule 17; that he treated the bill taken as confessed, and entered the decree in order to send the case to this Court for a determination of the law questions raised by the demurrer before trial on the merits.

In *Westminster* v. *Willard*, 65 Vt. 266, 270, 26 Atl. 952, 953, this Court, speaking by Judge Rowell, said: ''There are several ways open to the defendant when his demurrer is overruled. He may let the bill be taken as confessed under the rule, and take the case up on demurrer; or he may ask leave to withdraw his demurrer, or to waive it, and to go to trial on the merits; or he may ask to have the benefit of the demurrer reserved ·to him till the hearing. If it is reserved, the better practice would be, of course, to make a special order to that effect, and not to leave the matter to implication.''

The practice adopted by the chancellor in the present case follows· the procedure adopted and approved in *State* v. *Massey et al.*, 72 Vt. 210, 47 Atl. 834, 836. In that case two defendants filed an answer and incorporated therein their demurrers. Upon hearing, the demurrers were overruled and the bill adjudged sufficient. The defendants then moved to have the benefit of their demurrers reserved until final hearing, and to have their answer brought forward for hearing. This motion was denied, the bill was taken as confessed, and a decree was entered in accordance with the prayer of the bill. The defendants insisted in this Court that their demurrer should have been sustained, and the allegations adjudged insufficient; also; they insisted that as a matter of right they should have been allowed a trial upon the merits. The Court, in speaking of the present practice under chancery rule 17, said: ''It rested entirely within the discretion of the chancellor to decide whether the defendants. should have the benefit both of an admission and a denial of the facts alleged before passing the case to this court, and we think that this discretion was wisely exercised, especially in view of the fact, that it is the practice in this court, upon sustaining the decree of the court below, overruling a demurrer, to remand the case with leave to the demurrant to answer over. It was said in *Stewart* v. *Flint*, 57 Vt. 216, that when a demurrer is overruled, it is discretionary with the court to remand the case for trial, or for final decree; but it will not remand for final decree

without exceptional circumstances.'' The circumstances here require a trial on the merits to determine testator's intention.

*Decree reversed pro forma, and cause remanded. Let the plaintiff recover costs in this Court.*