STEPHEN E. MATHEWS *v.* ELLEN S. DREW ET AL.

February Term, 1934.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and
SHERBURNE, JJ.

Opinion filed May 1, 1934.

246

*J. H. Macomber* and *J. H. Macomber, Jr.*, for the appellant.

*Aaron H. Grout* for the appellee.

MOULTON, J. This cause comes before us on appeal from a decree sustaining a demurrer to a bill in equity. The material averments of the bill are these: The defendant, Ellen S. Drew, is the only heir at law of Mattie Ernestine Mathews, who died testate on March 21, 1929. Her will, after providing for the payment of debts, contains a clause which gives, devises and bequeaths all the testatrix's property, real and personal, "to my executor, hereinafter named, to be by him disposed of according to a memorandum filed with my papers." The defendant, Frederick W. Ward, is named as executor. The will was allowed by the probate court, and administration thereof committed to the executor on April 15, 1929. The memorandum, which was not admitted to probate as a part of the will, and which, as it is admitted by the bill, "has no binding testamentary force," contains a list of names, opposite each of which is set a certain sum of money or article of personal property. The last item is "To Mrs. Ellen S. Drew of Burlington, Vermont, one-half of the balance of my property * * * and the other half of the balance of my property to be given to the children of H. S. Mathews, late of Alton, Ill." On July 23, 1930, Mrs. Drew presented a petition to the probate court, in which she set out the memorandum, stated her desire that the estate should be distributed in accordance with it, and prayed the court so to decree upon final settlement. Thereafter a partial decree of distribution was made, disposing of all of the cash items in the list, except the last one. On February 11, 1932, Mrs. Drew

presented another petition (called a supplemental petition) to the probate court, in which she stated that she revoked her previous request regarding the last item, and prayed that the entire balance of the estate should be decreed to her. The plaintiff, who says that he brings this suit in behalf of himself and others similarly situated, is a grandson of H. S. Mathews and claims to come within the category of the latter's children. He alleges that, upon learning of the first petition, which he says is an assignment of Mrs. Drew's interest as heir at law, and in reliance thereon, he incurred a large expense by engaging an attorney and in other ways to claim his rights thereunder and to establish his right to share in the estate, and also to contest the claim of another person to his exclusion. He appeared before the probate court and contested the granting of the supplemental petition, but alleges that the judge of probate is about to decree the balance to the executor in trust for Mrs. Drew. He alleges further that Mrs. Drew is estopped in equity and good conscience from repudiating her first petition (again denominated an assignment), and that thereby she constituted herself a trustee for the various persons named in the memorandum according to the terms of it. The prayer is that Mrs. Drew may be enjoined from holding the balance of the estate otherwise than as trustee; that Mr. Ward, the executor, may be enjoined from delivering the property to her in any other manner than as trustee; and that the judge of probate may be enjoined from making the proposed decree.

 There are numerous grounds of demurrer, several of which present, in one form or another, the vital question whether the court of chancery has jurisdiction to grant the relief sought. Under our statutes, the probate court is given plenary and exclusive jurisdiction in the matter of the settlement of estates of deceased persons. *Walker's Guardian* v. *Hendee,* 100 Vt. 362, 364, 137 Atl. 334; *Powers* v. *Powers' Estate,* 57 Vt. 49, 52. It has, to a certain extent, equity powers. *Mann* v. *Mann's Estate,* 53 Vt. 48, 55. The jurisdiction of the court of chancery is not original but special and limited, and only in aid of the probate court when the powers of that court are inadequate. *O'Rourke* v. *Cleary,* 104 Vt. 312, 316, 158 Atl. 673; *Blair* v. *Johnson's Heirs,* 64 Vt. 598, 600, 24 Atl. 764; *Missionary Soc.* v. *Eells,* 68 Vt. 497, 508, 35 Atl. 463; *Ward* v. *Church,* 66 Vt. 490, 492,

29 Atl. 770. Even under P. L. 2772, which gives to the court of chancery the power to construe a will when its terms are doubtful or in dispute, there is no different principle involved; for in order to confer jurisdiction it must appear, among other things, that the probate court cannot reasonably and adequately handle the question. *O'Rourke* v. *Cleary, supra,* and cases cited.

The plaintiff insists that the petition that the estate should be distributed in accordance with the memorandum is a valid assignment and a complete gift by Mrs. Drew of her interest as heir at law. But this is not so. As an assignment, it lacks the consideration essential at law and in equity. *Howland Bros. & Cave* v. *Barre Savings Bank & Trust Co.,* 89 Vt. 290, 297 298, 95 Atl. 679; *Blin* v. *Pierce,* 20 Vt. 25, 29; *In re Vance,* 106 Pa. Super. 467, 162 Atl. 346, 348. As a gift, there was no delivery. *University of Vermont* v. *Wilbur's Estate,* 105 Vt. 147, 155, 163 Atl. 572; *Rice* v. *Bennington Savings Bank,* 93 Vt. 493, 498, 108 Atl. 708. Being imperfect to constitute a gift, the intended transfer will not be held to operate as a declaration of trust, "for then every imperfect instrument would be made effectual by being converted into a perfect trust." *Conn. River Savings Bank* v. *Albee, Admr.,* 64 Vt. 571, 575, 25 Atl. 487, 488, 53 A. S. R. 944; *McCartney* v. *Ridgeway,* 160 Ill. 129, 43 N. E. 826, 32 L. R. A. 555, 564; *Richards* v. *Delbridge* (1874), L. R. 18 Eq. 11, 15. The petition is nothing more than a request that a certain decree should be made at a future time. Pending this, the matter was executory, and Mrs. Drew was *in loco penitentiæ,* whence she could withdraw. And so, too, she could, after a partial compliance by the probate court, so far as the undistributed balance was concerned. If, upon reflection, she repented of her intention and felt that the entire surrender of her interest as heir at law was too costly a sacrifice to offer to the wishes of the testatrix, the prospective recipients of her bounty had no cause to complain.

The granting of the supplemental petition lies within the jurisdiction of the probate court. The claim of an estoppel is not the touchstone of equitable jurisdiction, for it is as available at law as in equity. *International Paper Co.* v. *Bellows Falls Canal Co.,* 88 Vt. 93, 100, 90 Atl. 943. Whether there are the elements of an estoppel here is a question which we need not decide, for the matter is one to be determined by the probate

court in passing upon the merits of the case. The plaintiff's remedy against any supposed error in the anticipated decree is by an appeal as provided by statute and not by a resort to the court of chancery.

The demurrer was properly sustained upon the ground considered, and it is not necessary to give attention to the other questions presented in the briefs of counsel.

*Decree affirmed, and cause remanded.*