Filed 10/11/24

| VERMONT SUPERIOR COURT | | CIVIL DIVISION |
|---|---|---|

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-03776

---

In re: Estate of Arthur William Bloom Probate Appeal

---

### Opinion and Order on the Co-Executors' Motion to Dismiss

In this case, Mr. Bryan Bloom (Son) has appealed the final decree of distribution from the probate estate of his father, Arthur William Bloom. *See In re Estate of Bloom*, No. 306-5-19 Wnpr. Co-Executors Joyce LaRosa (Daughter) and John LaRosa have filed a motion to dismiss arguing that this Court lacks jurisdiction because Mr. Bloom did not appeal in a timely manner. Mr. Bloom contends that his filings were timely.

Under Vt. R. Civ. P. 72(a), "Any party entitled thereto by law may appeal to the civil division of the superior court from a decision of the probate division by filing with the register of the probate division a notice of appeal in the manner and within the time provided in Rules 3 and 4 of the Rules of Appellate Procedure as modified herein. . . . The running of the time for filing a notice of appeal is terminated by a timely motion pursuant to a Rule of Probate Procedure equivalent to those Rules of Civil Procedure listed in Rule 4 of the Rules of Appellate Procedure." Vt. R. App. P. 4(a) states that: "the notice of appeal required by Rule 3 must be filed with the superior court clerk within 30 days after entry of the judgment or order appealed from." Vt. R. App. P. 4(b)(5) provides, however, that "the full time for appeal begins to run for all parties from the entry of an order disposing of" a timely motion to alter or amend the judgment. Under Vt. R. Prob. P. 60(c), "A motion to alter or amend the judgment shall be served not later than 14 days

after entry of the judgment."  Importantly, it is also plain that successive motions to reconsider do not trigger new appeal periods.  *Fagnant v. Foss*, 2013 VT 16A, ¶¶ 11–13, 194 Vt. 405, 411–12.  Finally, a final decree of distribution is a final, appealable judgment, *Hall v. Hall*, 80 Vt. 535, 68 A. 657, 658 (1908); and the "timely filing of a notice of appeal is a jurisdictional requirement," *Casella Const., Inc. v. Dep't of Taxes*, 2005 VT 18, ¶ 3, 178 Vt. 61, 62.

The Court considers the motion to dismiss in light of that legal background.

Here, the final decree was entered by the probate court on January 3, 2023.  On January 9, 2023, Mr. Bloom timely filed a motion that the probate court treated as a "motion to reconsider," effectively a Vt. R. Prob. P. 60(c) motion to alter or amend.  The Court denied the motion on April 24, 2023.  Mr. Bloom made additional filings on May 4, 2023, which the probate court again treated as another "motion to reconsider."  The probate court denied the May 4 motion on July 31, 2023.

On August 17, 2023, Mr. Bloom appealed directly, but improvidently, to the Supreme Court.  *See In re Arthur William Bloom (Bryan W. Bloom*)*, No. 23-AP-262.  Prior to any motion practice or briefing, on August 28, 2023, the Supreme Court summarily dismissed the case.  It explained:

> The Supreme Court's review of direct appeals from the probate court is limited to pure questions of law.  *See* 12 V.S.A. § 2551; *In re Estate of Johnson*, 158 Vt. 557, 559 (1992) (explaining that in direct appeals from probate division, Supreme Court "will review only 'pure' questions of law, the resolution of which do not depend upon factual distinctions and do not require review of the record").  In general, the civil division has appellate jurisdiction over probate matters.  12 V.S.A. § 2553.  Appellant has not demonstrated that the matter being appealed is a pure question of law and therefore the appeal is dismissed.

On September 6, Mr. Bloom filed a new notice of appeal to this Court.

The record is clear that on January 9, 2023, Mr. Bloom filed a timely motion to alter or amend/reconsider. The probate court denied that motion on April 24, 2023. Mr. Bloom had 30 days from April 24 to take an appeal under Vt. R. App. P. 4(a), (b)(5). Mr. Bloom's further filings on May 4, 2023, were not timely filed under Vt. R. Prob. P. 60(c) and did not re-toll the appeal period, which then expired. Mr. Bloom did not file his first notice of appeal until August 17, long after the appeal period had expired.

Even if the Court were to characterize Mr. Bloom's May 4 filings as seeking relief under Vt. R. Prob. P. 60(b) rather than 60(c), it would make no difference. A Rule 60 motion does not toll the appeal period unless it was filed within 28 days of the entry of judgment, and Mr. Bloom's filings were not. *See* Vt. R. App. P. 4(b)(7). Both notices of appeal were filed considerably out of time. Indeed, the Supreme Court rejected such an appeal under analogous circumstances in *Fagnant*, 2013 VT 16A, ¶ 14, 194 Vt. at 412. That ruling controls in this case as well.

A remaining potential question is whether Mr. Bloom's filing on September 6 was somehow a timely appeal solely as to the denial of the second motion to reconsider, as opposed to the underlying merits ruling. It was not. First, the motion was not timely filed under Rule 60(c). Second, no appeal was filed with this Court[1] within the appeal period following the July 31 denial of the second motion to reconsider. Third, the order denying the second motion to reconsider made no changes to the underlying judgment order and concluded that the motion was simply a rehash of prior arguments. As the

---

[1] Mr. Bloom chose to file his appeal in the Supreme Court, which rejected his appeal. That Court did not transfer venue to this Court, and this Court sees no basis to conclude that the savings provision of Vt. R. App. P. 4(a)(5) would apply under such facts. Nor has Mr. Bloom so contended.

Probate Court stated: "The motion contains only allegations and contains no new facts to support the Court's reconsideration of its January 3, 2023 decision."[2]  Under such circumstances, our Supreme Court has made clear that, even if an appeal were timely filed following the denial of a second motion to reconsider, such a ruling is not an order that may be separately appealed under Vermont law.  *Fagnant*, 2013 VT 16A, ¶ 17, 194 Vt. at 413–14.  The same conclusion applies here.

The Court lacks jurisdiction to hear this appeal.

<u>Conclusion</u>

For the foregoing reasons, Co-Executors' motion to dismiss is granted.

Electronically signed on Tuesday, October 8, 2024, per V.R.E.F. 9(d).

_____
Timothy B. Tomasi
Superior Court Judge

---

[2] The Probate Court's April 2024 denial of the original motion to reconsider also made no substantive changes to its ruling on the merits.  *Cf.* 16A Catherine T. Struve, *Fed. Prac. & Proc. Juris.* § 3950.4 (5th ed.) (noting that, where a court has substantively modified an opinion based on a motion to reconsider, some courts have found that a second motion to reconsider will toll the appeals period).