W. S. BROOKOVER *v.* LOTTIE B. GRIMM *et al.*

(No. 7710)

Submitted February 28, 1934.   Decided March 13, 1934.
(Rehearing Denied June 11, 1934)

*J. E. Law* and *Geo. W. Bland,* for appellant.
*Willis & Ball,* for appellees.

LITZ, JUDGE:

The purpose of this suit is primarily to construe the will of Samuel L. Morgan, who died in Wetzel County July 12, 1923.

The testator disposed of his estate, consisting of real and personal property, to two daughters, children of a deceased son, and a great-grandson, (Paul Brookover) who died February 24, 1928, at the age of eighteen, unmarried and without issue. Plaintiff, W. S. Brookover, is the father, sole heir and distributee of Paul Brookover. He has, according to his settlement before a commissioner of accounts, $2,985.84, which came into his hands as guardian of his son, Paul, and which is now claimed by the other beneficiaries under the will. The bill alleges that Paul Brookover took an absolute estate in the property devised and bequeathed to him by his great-grandfather, while defendants contend that he received only a defeasible estate, determinable at his death.

The trial chancellor dismissed the bill on demurrer without construing the will.

The general rule, in the absence of statutory authority, is that a court of equity will not entertain jurisdiction of a suit for the sole purpose of construing a will. "Generally, jurisdiction in equity to construe wills arises only in cases where there is necessity for such construction in relation to actual litigation as to matters which are proper subjects of equity jurisdiction. Usually there must be something more in a suit than a mere construction of an instrument." *Prichard* v. *Prichard,* 83 W. Va. 652, 98 S. E. 877. This rule, however, was changed (before the institution of the suit) by Code 1931, 41-3-7, which provides: "Courts of equity may construe wills notwithstanding any other provision of law, and notwithstanding there is no other ground of equity jurisdiction, courts possessing general equity powers shall have

and take jurisdiction of a suit to construe an ambiguous will at the suit of the executor, or administrator with the will annexed, or of any beneficiary thereunder whose interests are affected by a construction of the ambiguous provision." The will, in our opinion, is ambiguous.

This suit having been brought after the statute became operative, the trial court in its decree should have specifically construed the provisions of the will involved in the controversy. "In a suit to construe a will, the decree should be limited to construction, or to the other questions made by the pleadings, *all questions which are necessary to determine the immediate conduct or present rights of the parties should be determined.*" Page on Wills, section 1409. "The decree should set out clearly the points decided, as who are the beneficiaries and the amounts to which they are entitled." 40 Cyc. 1858. "The court in the rendition of its decree will so frame it as to promote the intention of the testator, and will specifically declare in its decree the meaning and purpose of the testator with reference to the particular rights and interest presented to the court by the bill * * *." Hogg's Equity Procedure, section 652.

The decree is reversed, and the cause remanded for further proceedings.

*Reversed and remanded.*