F. T. WEST, *Executor v.* MABEL M. WEST *et al.*

(CC 524)

Submitted April 16, 1935. Decided June 8, 1935.

*E. H. Yost,* for plaintiff.
*W. F. Ball* and *M. H. Willis,* for defendants.

LITZ, PRESIDENT:

This is a suit by an executor to administer the estate of the decedent. The ruling of the circuit court, sustaining a demurrer to the bill on the ground that it does not present a case for equity jurisdiction, was certified under section 2, article 5, chapter 58, Code 1931.

The bill alleges that S. M. West of Wetzel County died

testate June 3, 1933, the owner of real estate of the value of $2,977.00 and of personalty of the value of $9,148.31; that by his last will and testament, he devised and bequeathed his property to his widow, Mabel M. West, and other relatives; that July 31, 1933, she renounced the will; that on August 3rd, following, she withdrew her renunciation, and on a later date repudiated her withdrawal and again renounced the will; that plaintiff seeks the advice of the court as to whether the widow shall take under the will or the statute; that it is necessary to have a sale of the realty to discharge the indebtedness of the estate; and that several claims of indebtedness secured by deeds of trust are due the estate. The bill prays for settlement of the accounts of the executor before a commissioner in chancery; a determination of the liabilities of the estate in the order of priority; a sale of the personal property and real estate and application of the proceeds to the debts; the collection of the secured debts due the estate by sale of the securities; and for general relief.

The bill makes no showing by direct allegation, of equity jurisdiction. It does not specify any indebtedness of the estate except an undisclosed balance of funeral expenses; and fails to demonstrate the necessity of a settlement by the executor before a commissioner in chancery, or of equity jurisdiction to collect the debts due the estate. There can be no doubt that the widow has renounced the will. Whether she was bound by her original election, as decided in *Rau* v. *Krepps,* 101 W. Va. 344, 133 S. E. 508, or could exercise an indefinite number of shifts from claiming under, or renouncing, the will, her renunciation stands. There is neither allegation that the will is rendered doubtful by the renunciation of the widow nor prayer for advice to the executor concerning his administration. Counsel for plaintiff, nevertheless, insist that the suit should be entertained for the purpose of determining a correct distribution under the will of the property remaining after assigning the widow dower and her statutory interest in the personal property.

It appearing that the will, exhibited with the bill, has been rendered ambiguous by the renunciation of the widow, the demurrer should have been overruled. ''Notwithstanding any

other provision of law, and notwithstanding there is no other ground of equity jurisdiction, courts possessing general equity powers shall have and take jurisdiction of a suit to construe an ambiguous will at the suit of the executor, or administrator with the will annexed, or of any beneficiary thereunder whose interests are affected by a construction of the ambiguous provision.'' Code 1931, 41-3-7; *Brookover* v. *Grimm*, 114 W. Va. 701, 174 S. E. 567. Courts of equity have assumed jurisdiction in cases involving the construction of wills necessitated by the renunciation of the widow of the testator. *Page* v. *Rouss*, 86 W. Va. 305, 103 S. E. 289; *Christian* v. *Wilson*, *Exr.*, 153 Va. 614, 151 S. E. 300, 301.

The ruling of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*