WACHOVIA BANK & TRUST COMPANY, EXECUTOR OF THE LAST WILL AND TESTAMENT OF R. L. LAMBETH, v. ESTHER D. LAMBETH, CAROLEEN LAMBETH KEITH, HARRY LEE LAMBETH, ROSE LAMBETH FROEMKE, AND HARRY LEIGH DERBY III, DEFENDED HEREIN BY HIS GUARDIAN AD LITEM; CAROL KEITH, HARRY LEE LAMBETH, JR., ROBERT LEE LAMBETH, MINORS, AND ANY AND ALL PERSONS NOW IN BEING AND UNBORN PERSONS WHO ARE OR MAY BECOME CONTINGENT BENEFICIARIES UNDER THE WILL OF R. L. LAMBETH, DECEASED, DEFENDED HEREIN BY THEIR GUARDIAN AD LITEM.

(Filed 25 May, 1938.)

1. **Executors and Administrators § 21: Declaratory Judgment Act § 2a—**

An executor and trustee may institute an action in the Superior Court to obtain the advice of the court as to whether inheritance taxes should be paid from the *corpus* of the estate or deducted from annuities provided for in the will, and such action may be maintained under the Declaratory Judgment Act, ch. 102, sec. 3, Public Laws of 1931.

2. **Taxation § 28—Under facts of this case, inheritance taxes held properly charged against corpus rather than against annuities to beneficiaries.**

The will in question transferred the entire estate, with the exception of certain small bequests to designated persons, to the executor and trustee, with provision that the income therefrom be paid to testator's wife and children and grandchild, respectively, in designated ratio, with further provision that upon the death of the grandchild or any one of the children, his annuity should be paid to his surviving bodily heirs, and upon the death of bodily heirs of the first annuitants, the estate should be divided in accordance with the laws of the State. *Held:* The inheritance taxes due the State should be paid from the *corpus* of the trust estate, without adjustment between the named annuitants and the successive contingent annuitants and the contingent takers of the *corpus* of the estate.

APPEAL by defendants from *Hill, Special Judge,* at 21 February, 1936, Civil Term, of GUILFORD. Affirmed.

Paragraph 5 of the complaint of plaintiff is as follows:

"5. That in said will, to which reference is hereby specifically had, the said R. L. Lambeth directed the plaintiff, his executor and trustee, as follows: (Paragraph 2 of Item 3 of said will.)

" 'To pay out of the net income of my estate $400.00 per month to my wife, Essie D. Lambeth; $200.00 per month to my daughter Caroleen Lambeth Keith; $200.00 per month to my son Harry Lee Lambeth; $100.00 per month to my daughter Rose Lambeth Froemke, and $100.00 per month to my grandson Harry Leigh Derby, III, and at the end of the first calendar year after my death, in addition to the above, to pay over out of the net income of my estate one-fourth of the remainder of said net income to my wife, Essie D. Lambeth, one-fourth to my daughter Caroleen Lambeth Keith; one-fourth to my son, Harry Lee Lambeth; one-eighth to my daughter Rose Lambeth Froemke, and one-eighth to her son, my grandson, Harry Leigh Derby, III. Thereafter, the same procedure shall be followed as to monthly income to be paid and annual distribution to be made during the natural life of each of the said beneficiaries.

" '(a) In the event of the death of my wife, Essie D. Lambeth, the monthly income to her hereinbefore provided shall cease, and the income which would have been paid to her if she had lived shall be divided into three parts, one-third to be added to the income of Caroleen Lambeth Keith; one-third to be added to the income of Harry Lee Lambeth; and one-third to be divided into two equal parts, one-half of the same, that is, one-sixth of the whole, to be added to the income of Rose Lambeth Froemke, and one-sixth of the whole to be added to the income of Harry Leigh Derby, III, and at the end of each calendar year the same distribution made as to the additional net income as hereinabove provided.

" '(b) In the event of the death of Caroleen Lambeth Keith, the monthly income and the annual distribution of income shall be continued

19—213

for the benefit of and be paid to her bodily heirs during the life or lives of her bodily heirs in being at the time of her death, and to continue during the life or lives of said bodily heirs. In the event of the death of all of her bodily heirs, then the said income and trust herein created for their benefit shall be and become a part of my estate and distributed in accordance with the laws of the State of North Carolina.

" '(c) In the event of the death of Harry Lee Lambeth, the monthly income and the annual distribution of income shall be continued for the benefit of and be paid to his bodily heirs during the life or lives of his bodily heirs in being at the time of his death, and to continue during the life or lives of said bodily heirs. In the event of the death of all of his bodily heirs, then the said income and trust herein created for their benefit shall be and become a part of my estate and distributed in accordance with the laws of the State of North Carolina.

" '(d) In the event of the death of Rose Lambeth Froemke the monthly income and the annual distribution of income shall be continued for the benefit of and be paid to her bodily heirs during the life or lives of her bodily heirs in being at the time of her death, and to continue during the life or lives of said bodily heirs. In the event of the death of all of her bodily heirs, then the said income and trust herein created for their benefit will be and become a part of my estate and distributed in accordance with the laws of the State of North Carolina.

" '(e) In the event of the death of Harry Leigh Derby, III, the monthly income and the annual distribution of income shall be continued for the benefit of and be paid to his mother, Rose Lambeth Froemke, if living, during the remainder of her life, and then, at her death, to the bodily heirs of the said Henry Leigh Derby, III, during the life or lives of his bodily heirs in being at the time of the death of the said Rose Lambeth Froemke, and to continue during the life or lives of said bodily heirs. In the event that the said Rose Lambeth Froemke shall have predeceased the said Harry Leigh Derby, III, and be not living at the time of the death of the said Harry Leigh Derby, III, then, in the event of the death of the said Harry Leigh Derby, III, the monthly income and the annual distribution of income shall be continued for the benefit of and be paid to his bodily heirs during the life or lives of his bodily heirs in being at the time of his death, and to continue during the life or lives of said bodily heirs. In the event of the death of all of his bodily heirs, then the said income shall be and become a part of my estate and distributed in accordance with the laws of the State of North Carolina.' "

Upon hearing of the cause the court below rendered the following judgment:

"This cause coming on to be heard before the Honorable Frank S. Hill, Judge holding the 21 February, 1938, Term of the Superior Court of Guilford County, and being heard, and it appearing to the court that

summons in this cause was duly issued and duly served according to law, and that R. L. Lambeth, deceased, late of Guilford County, North Carolina, left a last will and testament which was duly admitted to probate and duly recorded in the office of the clerk of the Superior Court of Guilford County, and that said will contained the provisions as set forth in paragraph 5 of the complaint filed in this cause (the entire will being as set forth in Exhibit 'A' attached to the complaint), and it further appearing that this action has been brought for the purpose of directing and protecting the executor of said last will and testament in connection with the payment of inheritance taxes to the State of North Carolina upon said estate, and it further appearing that all parties interested are properly before this court; it is, therefore:

"Considered, ordered and decreed that Wachovia Bank & Trust Company, as executor of the estate of the sáid R. L. Lambeth, deceased, be and it is hereby authorized and directed to pay the inheritance taxes upon said estate out of the *corpus* of said estate, without any adjustment as between the named beneficiaries entitled to receive specified payments of income during their natural lives and the contingent beneficiaries entitled to receive income and/or portions of the *corpus* of the estate, in accordance with the terms and provisions of the said last will and testament, by reason of said payment of said inheritance taxes.

"It is further ordered that the costs of this action be taxed against Wachovia Bank & Trust Company, executor of the estate of R. L. Lambeth, deceased, to be paid as such executor out of the funds of said estate. Frank S. Hill, Special Judge Presiding."

Whereupon, the defendants Carol Keith, Harry Lee Lambeth, Jr., Robert Lee Lambeth, minors, and any and all persons now in being and unborn persons who are or may become contingent beneficiaries under the will of R. L. Lambeth, deceased, defended by their guardian *ad litem,* Franklin S. Clark, objected and assigned error to the signing of the judgment and appealed to the Supreme Court.

*Smith, Wharton & Hudgins for plaintiff.*
*Franklin S. Clark for defendants.*

CLARKSON, J.   The question involved: Where a testator devises his estate in trust for the net income thereof to be paid to certain named beneficiaries for life, such income payments to be continued to be paid to the bodily heirs of said named beneficiaries during their lives, and thereafter ultimately for the *corpus* of the estate to be distributed in accordance with the laws of the State of North Carolina, should the inheritance taxes presently due the State of North Carolina, be paid out of the *corpus* of the estate, without any adjustment as between the named beneficiaries entitled to receive said income during their natural lives

and the contingent beneficiaries entitled to receive income and/or portions of the estate in the ultimate distribution of the same? We think the inheritance taxes should be paid out of the *corpus* of the estate, under the facts in this case.

In *Mountain Park Institute v. Lovill,* 198 N. C., 642 (645), citing authorities, it is said: "It is well settled that an executor upon whom the will casts the performance of a duty may, when he needs instruction, bring a suit in equity to obtain a construction of the will." *In re Estate of Mizzelle, ante,* 367 (368).

Plaintiff further has the right to maintain this action under chapter 102, sec. 3, Public Laws of 1931, known as the "Uniform Declaratory Judgment Act." *Rountree v. Rountree, ante,* 252.

The estate of R. L. Lambeth, who died testate on or about 19 December, 1936, was estimated to be worth $1,000,000. He bequeathed to his wife, Essie D. Lambeth, a few minor items of personal property, and then devised and bequeathed his entire estate, with this slight exception, to the Wachovia Bank & Trust Company in trust, to be held, preserved and managed for a long period of years, and to pay the income therefrom to his wife and children, including one grandchild which he had adopted, the said income of said estate after the death of those named beneficiaries to be continued to be paid to the bodily heirs of his said children, and after the death of such bodily heirs, for the estate then to be divided in accordance with the laws of the State of North Carolina. It is to be noted that there was a present transfer of the entire estate, with the minor exceptions, to the trustee, with a disposition of small sums to the named beneficiaries, the whole estate to be held for many years, and then subsequently to be divided out in accordance with the laws of North Carolina.

The defendants contend that "It was error for the court below to authorize and direct the inheritance taxes to be paid out of the *corpus* of the estate without any apportionment or proration against the estates of the named beneficiaries for life." We cannot so hold, construing the will as a whole and paragraph 2 of item 3 of said will above set forth. The defendants have an able and carefully prepared brief and the reasoning is persuasive, though not convincing.

It is contended by plaintiff "That the will of the testator should be carried out, and that the payments as indicated by him should be made without any deductions, and in order to carry out the will of the testator, the executor should be permitted to sell a portion of the *corpus* of the estate to pay the tax and continue the specified payments to the beneficiaries without regard to the payment of the tax and without any deductions whatsoever from the payments to be made to said beneficiaries." From the statutes and will we think this contention of plaintiff correct.

The case of *S. v. Bridgers,* 161 N. C., 246, is in many respects similar to the present action.

In the opinion in *Wellman v. Cleveland Trust Co.* (107 Ohio, 267), 140 N. E., 104, construing a similar will and statute, is the following (at p. 108) : "It would seem, therefore, that other courts having under consideration inheritance tax statutes similar to ours have been able to interpret the indefinite and seemingly irreconcilable provisions thereof to clearly authorize the payment of the inheritance tax by the executor or trustee out of the *corpus* of the estate, and that, in the absence of any provision of the will, or of the trust agreement, requiring the reimbursing of the principal from income, no such reimbursement can be required by the executor or trustee, the theory being, in cases such as the one here under consideration, where the beneficiaries generally during the life of the trust receive the income in succession, that as between them the reduction of the principal will proportionately reduce the income to each beneficiary in succession, and that as to the remainderman it was the intention that his estate should come to him diminished by the amount of the inheritance tax." *In re Tracy et al.* (179 N. Y., 501), 72 N. E., 519; *In re Diehl* (88 N. J. Eq., 310), 102 Atl., 738.

We think the position here taken is the logical, common-sense view. The judgment of the court below is

Affirmed.