# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Trina Janura,**
**Respondent Below, Petitioner**

**FILED**

May 29, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)    No. 14-0911** (Hancock County 12-C-229)

**John J. Janura Jr. and Patricia Janura,**
**Respondents Below, Respondents**


## MEMORANDUM DECISION

Petitioner Trina Janura, appearing *pro se*, appeals two orders of the Circuit Court of Hancock County. In the first order, entered August 26, 2013, the circuit court determined that (1) petitioner, Respondent John J. Janura Jr., and Respondent Patricia Janura inherited real estate in equal shares from their mother; (2) that the Janura siblings' interest in their deceased mother's home (and associated land) was subject to a condition subsequent; (3) the issue of whether the condition subsequent had any possibility of occurring remained unresolved; and (4) the resolution of that issue may require an evidentiary hearing. In the second order, entered August 15, 2014, the circuit court denied petitioner's motion to compel arbitration. Respondent John J. Janura Jr., by counsel Daniel L. McCune, filed both a response and a motion to dismiss.[1] Petitioner filed a reply to the response and a separate reply to the motion to dismiss.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds (1) the August 26, 2013, order is not appealable; and (2) there is no substantial question of law and no prejudicial error with regard to the August 15, 2014, order. For these reasons, a memorandum decision dismissing petitioner's appeal of the August 26, 2013, order and affirming the August 15, 2014, order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner, Respondent John J. Janura Jr., and Respondent Patricia Janura are the children of Kathryn Janura ("decedent") who died testate on July 3, 2008. The decedent's will was admitted to probate in Hancock County, West Virginia, where the estate remains open. The parties do not dispute that the decedent's will names petitioner as executrix and includes a residuary clause that contains the following language:

> I (Kathryn Janura) want all my land to stay in the family and not be divided and
> sold. I want the siblings to own it equally and I want [petitioner] to have final say on

---

[1] Respondent Patricia Janura did not file a response.

1

any decisions or disputes. I want my home (5114 Wylie Ridge Road [in the Clay District of Hancock County, West Virginia]) to be turned into a group home or health related facility and [petitioner] is to be in charge of running it. I want [petitioner] to open a corporation for the express purpose of operating this home.

On December 11, 2012, Respondent John J. Janura Jr. filed a petition in the Circuit Court of Hancock County to partition eighty-five acres of real estate devised by the decedent's will—including the land upon which the decedent's home was situated—among the parties. Respondent John J. Janura Jr. alleged that the will's residuary clause did not create a trust to convert the decedent's residence into a group home or health related facility and that, in any event, operation of such a home or facility on the decedent's property would be unreasonable and impractical. Petitioner filed an answer to the petition on January 14, 2013, asserting that the will's residuary clause created a valid trust and that while a group home or health related facility was not currently operating on the property, "[petitioner] has spent funds on research and other activities in furtherance of the development of [such a home or facility] as directed by the Will."

On August 26, 2013, the circuit court entered an order stating that it had researched the matter and was prepared to make certain rulings after a review of the will's residuary clause. First, the circuit court found that the parties inherited the decedent's real estate in equal shares. Second, the circuit court determined that the will's residuary clause did not create a trust, but that the parties' interest in their decedent's home (and associated land) was subject to a condition subsequent.[2] Third, the circuit court stated that it was not deciding whether the condition subsequent had any possibility of occurring. Finally, the circuit court found that an evidentiary hearing may be necessary to determine whether it was impossible for the condition subsequent to occur.

Subsequently, on March 17, 2014, petitioner filed a motion to compel the parties to resolve their dispute through arbitration, relying on language in the will's residuary clause that stated that "I want [petitioner] to have final say on any decisions or disputes." Respondent John J. Janura Jr. filed a response to the motion on March 27, 2014, asserting that the decedent's will contained no arbitration clause. By an order entered August 15, 2014, the circuit court denied petitioner's motion finding that petitioner's argument that the will's residuary clause contained an arbitration clause was "without any merit."

On September 12, 2014, petitioner filed a notice of appeal stating that petitioner desired to appeal both the August 15, 2014, order that denied petitioner's motion to compel arbitration and the earlier order, entered August 26, 2013, determining, *inter alia*, that the will's residuary clause did not create a trust. This Court entered a scheduling order on September 22, 2014, that indicated that petitioner was appealing the August 15, 2014, order denying her motion to compel arbitration.

---

[2] If an interest in land is subject to a condition subsequent, the interest "does not terminate automatically upon the occurrence of the stated event, but is subject to [defeasance] only by the exercise of a right of reentry or power of termination by the grantor or his heirs." *Woman's Club of St. Albans v. James*, 158 W.Va. 698, 703, 213 S.E.2d 469, 472-73 (1975).

On December 5, 2014, the circuit court advised the parties that it would not conduct further proceedings in the case until petitioner's appeal of its August 15, 2014, order had been resolved.

<u>Petitioner may not appeal the circuit court's August 26, 2013, order.</u>

Respondent John J. Janura Jr. argues that petitioner's purported appeal of the circuit court's August 26, 2013, order is untimely because petitioner did not file her notice of appeal until over a year after the order's entry. Petitioner acknowledges this argument, but offers no response. We note that West Virginia Code § 58-5-4 and Rule 5(f) of the West Virginia Rules of Appellate Procedure provide a four-month time frame in which to appeal a circuit court's order. Furthermore, "[w]hen presented with untimely appeals under W.Va. Code, 58-5-4 [1965], this Court has consistently held that the statute is jurisdictional and that failure to file a timely appeal presents a jurisdictional infirmity precluding the court from accepting the appeal." *W. Va. Dept. of Energy v. Hobet Min. and Const. Co.*, 178 W.Va. 262, 264, 358 S.E.2d 823, 825 (1987); *see* W.Va. Rul. App. Proc. 5(f). In the instant case, petitioner did not file a notice of appeal within four months of the entry of the August 26, 2013, order. Thus, we conclude that petitioner has not timely appealed that order.

Even if petitioner's appeal of the August 26, 2013, order had been timely, we would have dismissed the appeal for a lack of finality. In Syllabus Point 3 of *James M.B. v. Carolyn M.*, 193 W.Va. 289, 291, 456 S.E.2d 16, 18 (1995), we held, in pertinent part, that "appeals only may be taken from final decisions of a circuit court" and "[a] case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." We find that the August 26, 2013, order did not constitute a final decision because it left for another day the determination of whether the condition subsequent in the will's residuary clause had any possibility of occurring. Therefore, we conclude that petitioner may not appeal the August 26, 2013, order not only because her appeal of that order was untimely, but also because it did not constitute a final, appealable order.

<u>Petitioner may appeal the circuit court's August 15, 2014, order.</u>

Respondent John J. Janura Jr. argues that petitioner may not appeal the circuit court's August 15, 2014, order because that order was also not a final order. Petitioner counters that the August 15, 2014, order denied her motion to compel arbitration, which means that the order is appealable under the collateral order doctrine. We note that we have previously held that "[a]n order denying a motion to compel arbitration is an interlocutory ruling which is subject to immediate appeal under the collateral order doctrine." Syl. Pt. 1, *Credit Acceptance Corp. v. Front*, 231 W.Va. 518, 745 S.E.2d 556, 557 (2013).[3] Respondent John J. Janura Jr. contends that

---

[3] In *Credit Acceptance Corp.*, we found that an order denying a motion to compel arbitration met the conditions to be appealable under the collateral order doctrine: (1) such an order is conclusive as to the disputed controversy of whether the parties are required to arbitrate; (2) the order resolves an important issue that is completely separate from the merits of the action; and (3) an order denying a motion to compel arbitration is effectively unreviewable on appeal. *See* 231 W.Va. at 524-25, 745 S.E.2d at 562-63.

we should not apply our holding in *Credit Acceptance Corp.* to this case because petitioner's argument that the decedent's will contains an arbitration clause is frivolous. We reject this contention because, while litigants often disagree about the merits of each others' arguments, a litigant's perception of the opposing party's argument does not alter controlling precedent as to whether an interlocutory ruling is immediately appealable. Therefore, we conclude that petitioner may appeal the circuit court's August 15, 2014, order pursuant to Syllabus Point 1 of *Credit Acceptance Corp.*

<u>The circuit court did not err in denying petitioner's motion to compel arbitration.</u>

We review the circuit court's denial of the motion to compel arbitration de novo. *See Credit Acceptance Corp.* at 525, 745 S.E.2d at 563. Petitioner argues that the language "I want [petitioner] to have final say on any decisions or disputes" in the will's residuary clause constitutes a provision that compels the parties to resolve their dispute through arbitration. Respondent John J. Janura Jr. counters that it is obvious that the language does not constitute an arbitration clause. "The paramount principle in construing or giving effect to a will is that the intention of the testator prevails, unless it is contrary to some positive rule of law or principle of public policy." Syl. Pt. 2, *Estate of Fussell v. Fortney*, 229 W.Va. 622, 623, 730 S.E.2d 405, 406 (2012) (Internal quotations and citations.). We determine that the language on which petitioner relies evidences no intention by the decedent that disputes arising under the will be arbitrated. Rather, we find that the language at issue evidences an intention that petitioner, as executrix, be accorded substantial deference in how she interprets the decedent's will. *See Moore v. Harper*, 27 W.Va. 362, 373 (1886) (it is well settled that courts accord deference to "[t]he power of the testator to provide in [her] will the mode and manner of its interpretation and the force and effect of such interpretation.").

We construe petitioner's argument to include the contention that the circuit court should have deferred to petitioner's interpretation that the residuary clause required disputes arising under it to be resolved through arbitration. However, as we have determined, the language at issue evidences *no* such intention by the decedent. Therefore, because the language clearly reflects that the decedent did not have any intent that disputes be arbitrated, we determine that the circuit court correctly found that petitioner's interpretation that the will required arbitration was without merit. *See* Syl. Pt. 2, *Estate of Fussell* at 623, 730 S.E.2d at 406. Accordingly, we conclude that the circuit court did not err in denying the motion to compel arbitration.

For the foregoing reasons, we (1) dismiss petitioner's appeal of the circuit court's August 26, 2013, order;[4] and (2) affirm the circuit court's August 15, 2014, order denying petitioner's motion to compel arbitration.

---

[4] We note that the circuit court retains plenary power to reconsider, alter, or amend a non-final order, such as its August 26, 2013, order determining that the will's residuary clause does not create a trust. *See* Syl. Pt. 2, in part, *Taylor v. Elkins Home Show, Inc.*, 210 W.Va. 612, 614, 558 S.E.2d 611, 613 (2001). Thus, we find that petitioner is free to continue to argue that her interpretation of the residuary clause should be accorded deference as long as that interpretation is neither inconsistent with the clause's language nor contrary to law.

4

Dismissed, in part, and Affirmed, in part.

**ISSUED: May 29, 2015**

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II