# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Trina Janura,**
**Defendant Below, Petitioner**

**vs)   No. 18-0495** (Hancock County 12-C-229)

**John J. Janura Jr.,**
**Plaintiff Below, Respondent**

**And**

**Patricia Janura,**
**Defendant Below, Respondent**

**FILED**

**September 3, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Trina Janura, pro se, appeals two orders of the Circuit Court of Hancock County. In the first order, entered April 18, 2018, the circuit court adopted a commissioners' report that the approximately eighty-five acres of real estate the parties inherited from their mother could be partitioned in kind and found that "the specific property lines of the court-ordered partition will be set forth in a further order of this court." In its second order, entered April 30, 2018, the circuit court denied petitioner's motion to modify the April 18, 2018, order. Respondent John J. Janura Jr., by counsel Daniel L. McCune, filed a summary response.[1] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that there is no final appealable order in this case. For these reasons, a memorandum decision dismissing the appeal for a lack of jurisdiction and remanding the case to the circuit court for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and respondents are the children of Kathryn Janura ("decedent") who died testate on July 3, 2008. The decedent's will was admitted to probate in Hancock County, West Virginia, where her estate remains open. The parties do not dispute that the decedent's will names petitioner as executrix and includes a residuary clause that contains the following language:

---

[1]Respondent Patricia Janura did not file a response.

1

I (Kathryn Janura) want all my land to stay in the family and not be divided and sold. I want the siblings to own it equally and I want [petitioner] to have final say on any decisions or disputes. I want my home (5114 Wylie Ridge Road [in the Clay District of Hancock County, West Virginia]) to be turned into a group home or health[-]related facility and [petitioner] is to be in charge of running it. I want [petitioner] to open a corporation for the express purpose of operating this home.

. . . .

Orchard to be equally divided into three plots (approximately to the spring house) for each sibling for their homes, to be surveyed with monies from estate fund at a later time.

On December 11, 2012, Respondent John J. Janura Jr. filed a petition in the Circuit Court of Hancock County to partition the approximately eighty-five acres of real estate devised by the decedent's will—including the land upon which the decedent's home was situated—among the parties. He alleged that the will's residuary clause did not create a trust to convert the decedent's residence into a group home or health-related facility and that, in any event, operation of such a home or facility on the decedent's property would be unreasonable and impractical. Petitioner filed an answer to the petition on January 14, 2013, asserting that the will's residuary clause created a valid trust and that while a group home or health related facility was not currently operating on the property, "[petitioner] has spent funds on research and other activities in furtherance of the development of [such a home or facility] as directed by the Will." In an order entered August 26, 2013, the circuit court found that, after a review of the will's residuary clause, (1) the parties inherited the decedent's real estate in equal shares; and (2) the will's residuary clause did not create a trust, but the parties' interest in their decedent's home and accompanying real estate was subject to a condition subsequent.[2] (No development of a group home or health-related facility has commenced on the decedent's real estate.)

Subsequently, on March 17, 2014, petitioner filed a motion to compel the parties to resolve their dispute through arbitration, relying on language in the will's residuary clause that stated that "I want [petitioner] to have final say on any decisions or disputes." Respondent John J. Janura Jr. filed a response to the motion on March 27, 2014, asserting that the decedent's will contained no arbitration clause. By order entered August 15, 2014, the circuit court denied the motion, finding that the will's residuary clause did not contain an arbitration clause.

In *Janura v. Janura*, No. 14-0911, 2015 WL 3448181, at *3-4 (W.Va. May 29, 2015) (memorandum decision), we reviewed the circuit court's August 15, 2014, order under the collateral order doctrine and found that the circuit court properly denied petitioner's motion to

---

[2]If an interest in land is subject to a condition subsequent, the interest "does not terminate automatically upon the occurrence of the stated event, but is subject to defeasance only by the exercise of a right of reentry or power of termination by the grantor or his heirs." *Woman's Club of St. Albans v. James*, 158 W.Va. 698, 703, 213 S.E.2d 469, 472-73 (1975).

compel arbitration.[3] We reasoned that, while the decedent wanted petitioner to be afforded substantial deference in how she interpreted the decedent's will, "the language on which petitioner relies evidences no intention by the decedent that disputes arising under the will be arbitrated." *Id.* at \*3. We noted that, as the circuit court retained plenary power to reconsider, alter, or amend non-final orders, petitioner was free to continue to argue that the residuary clause created a valid trust as long as her interpretation of the clause "is neither inconsistent with [its] language nor contrary to law." *Id.* at \*4 n.4.

Since our decision in *Janura*, petitioner has persisted in her argument that the decedent intended to create a trust, but has failed to convince the circuit court to reconsider its previous ruling otherwise. By order entered July 21, 2017, the circuit court appointed three special commissioners to evaluate whether the parcel could be partitioned in kind. On November 15, 2017, the commissioners reported that a partition in kind was possible where Respondent John J. Janura Jr. could be given "a share of the subject property . . . [that] would not injure the ownership interests of [petitioner and Respondent Patricia Janura] nor prohibit development of their parcel(s) as they desire."

After taking additional evidence at a March 9, 2018, hearing, the circuit court adopted the commissioners' report, finding that Respondent Patricia Janura "played a very limited role in this partition litigation other than always being in agreement with [petitioner's] requests" and that, after Respondent John J. Janura Jr. is allocated his one-third share, "[n]o attempt will be made to allot the remaining two thirds between the sisters because they do not want any allotment." The circuit court stated that it was not prepared to make the actual division between Respondent John J. Janura Jr.'s parcel and petitioner and Respondent Patricia Janura's parcel, but that "the specific property lines of the court[-]ordered partition will be set forth in a further order of the court." On April 27, 2018, petitioner filed a motion to modify the circuit court's April 17, 2018, order adopting the commissioners' report.[4] By order entered April 30, 2018, the circuit court denied the motion, finding petitioner's arguments "redundant."

On May 30, 2018, petitioner filed a notice of appeal indicating that she desired to appeal a multitude of orders dating back to the August 26, 2013, ruling that the will's residuary clause did not create a trust. Pursuant to a June 5, 2018, scheduling order, petitioner filed her brief and appendix on August 30, 2018. On October 11, 2018, Respondent John J. Janura Jr. filed a summary response. By order entered October 15, 2018, we granted petitioner's motion to file a supplemental appendix that included the circuit court's September 6, 2018, order establishing the boundary line between the two parcels created by the court-ordered partition.

---

[3]In Syllabus Point 1 of *Credit Acceptance Corp. v. Front*, 231 W.Va. 518, 745 S.E.2d 556 (2013), we held that "[a]n order denying a motion to compel arbitration is an interlocutory ruling which is subject to immediate appeal under the collateral order doctrine."

[4]Petitioner labeled the motion a "motion to alter or amend," but that is a misnomer because, as explained below, we find that the April 17, 2018, order was not a final appealable order. *See James M.B. v. Carolyn M.*, 193 W.Va. 289, 293, 456 S.E.2d 16, 20 (1995) (describing a motion pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure as a *post-judgment* motion).

3

In Syllabus Points 1, 2, and 3 of *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995), we held:

1.      A court of limited appellate jurisdiction is obliged to examine its own power to hear a particular case. This Court's jurisdictional authority is either endowed by the West Virginia Constitution or conferred by the West Virginia Legislature. Therefore, this Court has a responsibility *sua sponte* to examine the basis of its own jurisdiction.

2.      Where neither party to an appeal raises, briefs, or argues a jurisdictional question presented, this Court has the inherent power and duty to determine unilaterally its authority to hear a particular case. Parties cannot confer jurisdiction on this Court directly or indirectly where it is otherwise lacking.

3.      Under [West Virginia Code §] 58-5-1 (1925), appeals only may be taken from final decisions of a circuit court. A case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.

On appeal, petitioner argues that the circuit court made erroneous rulings as far back as the August 26, 2013, order that the will's residuary clause did not create a trust. Respondent John J. Janura Jr. counters that the circuit court's rulings should be affirmed.

We find that petitioner's ability to appeal previous interlocutory orders depends on whether the April 17, 2018, order, directing a partition of the approximately eighty-five acre parcel was a final appealable order. *See Riffe v. Armstrong*, 197 W.Va. 626, 637, 477 S.E.2d 535, 546 (1996) (finding that "if an appeal is taken from what is indeed the last order disposing of the last of all claims as to the last of all parties, then the appeal brings with it all prior orders"), *modified on other grounds*, *Moats v. Preston Cty. Comm'n*, 206 W.Va. 8, 521 S.E.2d 180 (1999). We conclude that it is not. In the April 17, 2018, order, the circuit court left the demarcation of "the specific property lines" to be set forth in a subsequent order.

In *James M.B.*, we explained that the general rule that only a final order may be appealed "is designed to prohibit 'piecemeal appellate review of trial court decisions which do not terminate the litigation.'" 193 W.Va. at 292, 456 S.E.2d at 19 (quoting *United States v. Hollywood Motor Car Co., Inc.*, 458 U.S. 263, 265 (1982)). Here, we find that piecemeal appellate review is likely if the instant appeal proceeds. The circuit court's September 6, 2018, order establishing the boundary line between the new two parcels reflects that petitioner objected to an inactive oil well and storage tanks being located on the parcel allocated to her and Respondent Patricia Janura. The circuit court's solution to this problem was to direct that there would be an "anomalous parcel of land," apparently within the sisters' larger parcel, where common ownership with Respondent John J. Janura Jr. would continue until such time that the oil well and storage tanks are removed and that, until they are removed, Respondent John J. Janura Jr. would have an easement to go over his sisters' parcel to conduct necessary maintenance. On September 17, 2018, petitioner filed a motion to alter or amend the September 6, 2018, order pursuant to Rule 59(e) of the West Virginia

Rules of Civil Procedure and may file another appeal if the circuit court does not rule favorably regarding her motion. Therefore, based on our review of the record, we find that petitioner's appeal of the April 17, 2018, order should be dismissed as premature.

We note that the circuit court stayed its September 6, 2018, order during the pendency of the appeal of the April 17, 2018, order and that the September 6, 2018, order also lacks finality while petitioner's Rule 59(e) motion is pending in the circuit court. *See James M.B.*, 193 W.Va. at 294, 456 S.E.2d at 21. Therefore, we dismiss the instant appeal given that the April 17, 2018, order is not a final appealable order and remand this case so that the circuit court may address the motion to alter or amend the September 6, 2018, order.

Dismissed and Remanded.

**ISSUED:** September 3, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

5